WILKE, FLEURY, HOFFELT, GOULD & BIRNEY, LLP
Kelli M. Kennaday, Bar No. 155153
kkennaday@wilkefleury.com
Samson R. Elsbernd, Bar No. 264598
selsbernd@wilkefleury.com
400 Capitol Mall, Twenty-Second Floor
Sacramento, CA 95814

Telephone:  (916) 441-2430
Facsimile:  (916) 442-6664

Attorneys for Defendant
RECYCLE TO CONSERVE, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDISON MAYO,<br><br>  Plaintiff,<br><br>v.<br><br>RECYCLE TO CONSERVE, INC.,<br><br>  Defendant. | Case No.  2:10-cv-00629-WBS-EFB<br><br>**DEFENDANT RECYCLE TO CONSERVE, INC.'S REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION OF ISSUES**<br><br>Date:  April 11 2011<br>Time:  2:00 p.m.<br>Courtroom:  5<br>Judge:  Hon. William B. Shubb |

## INTRODUCTION

In opposition to Recycle To Conserve's (RTC) motion for summary judgment, Plaintiff presents an excerpt from a stirring speech by John F. Kennedy. What Plaintiff does not present is any competent evidence that would create a triable issue of material fact as to any of his claims. To the contrary, the only evidence submitted by Plaintiff consists of an unsigned declaration from a former RTC employee and Plaintiff's own declaration, which so starkly contradicts his sworn deposition testimony that it borders on a Rule 11 violation. Plaintiff has presented no evidence, much less the type of specific and substantial evidence necessary, to defeat RTC's showing of a legitimate, non-discriminatory reason for Plaintiff's termination. Accordingly, RTC is entitled to summary judgment.

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW

655144.1        - 1 -        DEFENDANT'S REPLY TO OPPOSITION TO
MOTION FOR SUMMARY JUDGMENT
2:10-CV-00629-WBS-EFB

## I. PLAINTIFF'S RACE DISCRIMINATION CLAIM

Plaintiff argues that a single discriminatory comment by Plaintiff's supervisor or the adverse decision-maker is sufficient to defeat summary judgment. P's Op., 5:2-3. Plaintiff then fails to proffer up even one discriminatory comment by his supervisor or the adverse decision-maker. That is likely because Plaintiff testified unequivocally at his deposition that his supervisor, Mr. Odahl, and the adverse decision-maker, Mr. McMullin, never made any discriminatory comments to him. SUF No. 28. In fact, Plaintiff went even further, and testified that Mr. Odahl was not racist and had never done *anything* to make Plaintiff believe that Mr. Odahl would terminate him because of his race. SUF Nos. 25-26. He also testified that Mr. McMullin had never done *anything* to make Plaintiff believe that he would terminate him based on his race. SUF No. 27. Apparently realizing the effect of these admissions, Plaintiff now attempts to argue that Mr. Lindsay was "like" his supervisor because he always tried to tell everyone what to do. P's Decl., ¶ 9. Regardless of Mr. Lindsay's purported bossiness, Plaintiff has no evidence that Mr. Lindsay actually was his supervisor, or that Mr. Lindsay had anything whatsoever to do with the decision to terminate his employment. Moreover, Plaintiff's attempt to transform Mr. Lindsay into his supervisor is directly contradicted by Plaintiff's deposition testimony, in which he admitted that Mr. Odahl was his supervisor for the two to three years prior to his termination. P's Depo., 17:19-22. Plaintiff may not avoid summary judgment by proffering a sham declaration that is flatly inconsistent with his prior sworn deposition testimony. See *Kennedy v. Allred Mutual Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991).

Unfortunately, that is not the only instance in which Plaintiff's declaration stands in direct contradiction to his previous deposition testimony. For example, Plaintiff asserts in his declaration that Mr. Lindsay called him a "coon-ass nigger." P's Decl., ¶ 3. In his sworn deposition, however, Plaintiff testified that Mr. Lindsay "never said the 'n' word to me." P's Depo. 58:2-4. In Plaintiff's declaration, he asserts that he discussed with Mr. Odahl how Mr. Lindsay was racist on three or four occasions when he complained about Mr. Lindsay. P's Decl., ¶ 7. However, in his deposition, Plaintiff testified that he did *not* tell Mr. Odahl that Mr. Lindsay had made racist comments to him; only that Mr. Lindsay had made "negative"

comments to him. P's Depo., 50:4-17; SUF No. 16. Plaintiff also testified in his deposition as to each and every conversation he had with Mr. Odahl in which he complained about Mr. Lindsay. In none of those conversations did Plaintiff testify that he and Mr. Odahl discussed that Mr. Lindsay was racist. SUF Nos. 16-20. In fact, Plaintiff admitted at his deposition that he never told anyone in management at RTC that Mr. Lindsay had used a racist term toward him. P's Depo., 58:20-22; SUF No. 15.

Plaintiff also argues that "the allegation that similarly-situated white employees were treated more favorably is itself probative of pretext." P's Op., 5:24-25. Plaintiff is incorrect; an allegation is never sufficient to defeat a motion for summary judgment. Fed. Rule Civ. Proc. 56(e)(1). Rather, Plaintiff must produce competent evidence establishing that similarly situated white employees were treated more favorably than himself. Plaintiff attempts to meet his burden by arguing that white drivers' trucks were fixed faster than his, and that they were not terminated if they had two accidents following implementation of the two-accident policy. Plaintiff presents absolutely no evidence that any of these things are true. Instead, Plaintiff submits his own declaration, in which he concludes that white drivers would get work done on their trucks faster than he, leaving him with the "impression" that Mr. Odahl would go to bat for white drivers but not for him. P's Decl., ¶ 6. Plaintiff's declaration, however, is completely devoid of any facts demonstrating that Plaintiff has personal knowledge regarding the speed with which white drivers got work done on their trucks, who was responsible for scheduling the work, how the speed of the work done on the trucks of white drivers compared to the speed of the work done on his truck, or any other foundational facts that would demonstrate his conclusion is true. Without such "specific and substantial" evidence, Plaintiff cannot demonstrate that white drivers were treated more favorably than himself.

Plaintiff also asserts conclusorily that two other white drivers had two accidents and were not terminated under the two-accident policy. P's Decl., ¶ 11. Plaintiff's declaration is again devoid of any facts regarding these alleged accidents, including when they occurred, where they occurred, whether property damage ensued, and whether they were reported to management. Plaintiff's declaration includes no facts suggesting that he has any personal knowledge regarding

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW

655144.1 — - 3 - — DEFENDANT'S REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
2:10-CV-00629-WBS-EFB

these accidents and, in his deposition, Plaintiff testified that he had *no personal knowledge* that either of these drivers had two accidents following implementation of the two-accident policy. P's Depo., 69:5-10. In short, Plaintiff has submitted no evidence that any similarly situated white employees were treated more favorably than himself.

Finally, Plaintiff argues that, because his termination occurred 17 days after his accident, his termination must have been a pretext for illegal discrimination.[1] P's Op. 6:9-10. Plaintiff does not explain why a 17-day gap between his accident and his termination would lead to an inference of discrimination. Instead, Plaintiff offers his opinion that "It seems to me that if they had really terminated me due to this policy they would have done it immediately after the accident." P's Decl., ¶ 16.[2] Plaintiff's opinion, however, does not constitute the type of "specific and substantial" evidence of pretext required to defeat a motion for summary judgment.

## II. PLAINTIFF'S RETALIATION CLAIM

Plaintiff argues in support of his retaliation claim that he made "repeated and persistent complaints to Odahl that Elwood was engaging in race-based discrimination against him." P's Op., 6:25-27. As pointed out above, this argument is directly contrary to Plaintiff's sworn deposition testimony. Plaintiff testified in his deposition that he did *not* tell Mr. Odahl that Mr. Lindsay had made any race-based comments to him. SUF No. 20. Moreover, when asked about each and every complaint he did make to Mr. Odahl, Plaintiff's recitation of those complaints did not include any indication that Mr. Lindsay's conduct was based on race. SUF Nos. 16-20. Because Plaintiff never complained to Mr. Odahl that Mr. Lindsay was engaged in race-based harassment or discrimination, Plaintiff cannot demonstrate that he engaged in protected activity. See *Peterson v. Utah Dep't of Corr.*, 301 F.3d 1182, 1188 (10th Cir. 2002).

Plaintiff also failed to exhaust his administrative remedies as to his retaliation claim. Plaintiff cites to *Deravin v. Carrick*, 335 F.3d 195, 200 (2nd Cir. 2003) for the proposition that administrative claims should be read liberally. In *Deravin*, the court concluded that a race

---

[1] Plaintiff's accident occurred on October 13 and he was terminated on October 30. Bolanos Decl., Ex. B.
[2] Plaintiff's declaration consists almost entirely of his own conjecture and speculation. Plaintiff's statements in his declaration are based on his "impressions," "feelings," "opinions," or because "it seems to me" that something must have happened. P's Decl., ¶¶ 6, 7, 8, 10, 11, 12, 16.

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW

655144.1   - 4 -   DEFENDANT'S REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
2:10-CV-00629-WBS-EFB

discrimination charge was reasonably related to a charge of national origin discrimination because race and national origin substantially overlap and may be indistinguishable. *Id.* at 201-202. This case involves no such overlap. Here, Plaintiff has brought a claim for race discrimination based on his termination by Mr. Odahl. RJN, Ex. A, ¶¶ 8-12; SUF No. 30. He filed a complaint with the DFEH alleging only that single act of discrimination. See SUF No. 45, which is undisputed. Plaintiff now wants to include a claim that he was terminated in retaliation for complaining about harassment by Mr. Lindsay that occurred on a number of different occasions over several years. *Mathirampuzha v. Potter*, 548 F.3d 70 (2nd Cir. 2008), cited in RTC's opening brief, is thus directly on point. There, the court held that where the plaintiff had alleged a single act that occurred on a single date, it could not reasonably be expected to blossom into an investigation covering allegations of unrelated misconduct dating back several years. *Id.* at 75. Because Plaintiff failed to exhaust his administrative remedies, his claim is barred.

Even if Plaintiff had submitted sufficient evidence to make out a prima facie case of retaliation and even if Plaintiff's claim was not barred by his failure to exhaust his administrative remedies, RTC would still be entitled to summary judgment because it has presented evidence to establish a legitimate, non-retaliatory reason for Plaintiff's termination, and Plaintiff has not produced any evidence suggesting this reason was a pretext for illegal retaliation as set forth more fully in Section I, above.

### III. PLAINTIFF'S LABOR CODE SECTION 1102.5 CLAIM

Plaintiff argues that, although he never made a complaint to any governmental agency regarding RTC, he may state a claim under Labor Code section 1102.5(c) for refusing to participate in an activity that would result in a violation of state or federal statute. P's Op., 8:22-26. Plaintiff's argument fails for two reasons.

First, Plaintiff may not avoid summary judgment by asserting a theory not pled. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1291 (9th Cir. 2000). In Plaintiff's Complaint, he alleges that he "blew the whistle" on Mr. Lindsay's illegal activity and was thereafter terminated. RJN Ex. A, ¶ 18. While this would be sufficient to state a claim under section 1102.5(b) if Plaintiff had "blown the whistle" to a government or law enforcement agency, it is insufficient to state a

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW

655144.1   - 5 -   DEFENDANT'S REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
2:10-CV-00629-WBS-EFB

claim under section 1102.5(c).

To properly state a claim under section 1102.5(c), Plaintiff would have to allege that (1) his employer requested or required him to participate in an activity that would result in a violation of state or federal law; (2) he refused to do so; and (3) his refusal led to his termination. Cal. Labor Code § 1102.5(c). Plaintiff has made no such allegations. Even if he had, RTC would be entitled to summary judgment because Plaintiff testified unequivocally in his deposition that his employer never asked him to participate in any activity that was illegal. SUF No. 43. Moreover, Plaintiff has submitted no evidence suggesting that he refused to participate in any illegal activity and was terminated as a result. Because Plaintiff has neither stated nor submitted evidence to support a claim under Labor Code Section 1102.5, RTC is entitled to summary judgment.

## CONCLUSION

Based on the foregoing, Defendant RTC respectfully requests that the Court grant summary judgment on Plaintiff's Complaint in its favor or, in the alternative, that the Court grant summary adjudication on each of Plaintiff's claims.

DATED: April 4, 2011

WILKE, FLEURY, HOFFELT,
GOULD & BIRNEY, LLP

By: /s/   *Kelli M. Kennaday*
KELLI M. KENNADAY
Attorneys for Defendant
RECYCLE TO CONSERVE, INC.