UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| EDISON MAYO, | NO. CIV. 2:10-629 WBS EFB |
| Plaintiff, | ORDER RE: EVIDENTIARY OBJECTIONS |
| v. | |
| RECYCLE TO CONSERVE, INC., | |
| Defendant. | |

----oo0oo----

Defendant objects to two declarations submitted by plaintiff in opposition to defendant's motion for summary judgment. (Docket No. 15-1.) Specifically, defendant objects to portions of thirteen paragraphs in plaintiff's sixteen-paragraph declaration and portions of eight of the twelve paragraphs in plaintiff's former co-employee's declaration.

Federal Rule of Civil Procedure 56, as amended on December 1, 2010, now states that "[a] party may object that the material cited to support or dispute a fact <u>cannot be presented</u>

1

1 <u>in a form that would be admissible in evidence</u>."  Fed. R. Civ. P.
2 56(c)(2) (emphasis added).  The Advisory Committee notes to the
3 amended rule explain that an objection to evidence on a motion
4 for summary judgment "functions much as an objection at trial,
5 adjusted for the pretrial setting.  <u>The burden is on the</u>
6 <u>proponent to show that the material is admissible as presented or</u>
7 <u>to explain the admissible form that is anticipated</u>."  Id.
8 advisory committee's note to 2010 amendment (emphasis added).
9 The Advisory Committee notes also correct a commonly-held
10 misunderstanding by lawyers by noting that, "[i]f the case goes
11 to trial, failure to challenge admissibility at the summary-
12 judgment stage does not forfeit the right to challenge
13 admissibility at trial."  Id.

14      This amendment addresses the increasingly common
15 practice in federal courts of objecting to evidence on summary
16 judgment.  While the new rule establishes a procedure for those
17 objections, it also implicitly limits objections to those that
18 could not be cured at trial.  See <u>Leatherman v. Tarrant Cnty.</u>
19 <u>Narcotics Intelligence & Coordination Unit</u>, 507 U.S. 163, 168
20 (1993) ("<u>Expressio unius est exclusio alterius</u>.").

21      Allowing only an objection that evidence cannot be
22 presented in a form that would be admissible in evidence is
23 consistent with precedent.  See <u>Celotex Corp. v. Catrett</u>, 477
24 U.S. 317, 324 (1986) (holding that the summary judgment standard
25 requiring a nonmoving party to designate specific facts showing a
26 genuine issue for trial "d[id] not mean that the nonmoving party
27 must produce evidence in a form that would be admissible at trial
28 in order to avoid summary judgment"); <u>Fraser v. Goodale</u>, 342 F.3d

2

1 1032, 1036-37 (9th Cir. 2003) (evidence, such as a written diary,
2 may be considered on summary judgment even if its <u>form</u> would not
3 be admissible at trial, so long as its <u>contents</u> would be
4 admissible at trial in some other form, such as testimony from
5 the writer); <u>Hughes v. United States</u>, 953 F.2d 531, 543 (9th Cir.
6 1992) (an affidavit may be considered on summary judgment despite
7 hearsay and best evidence rule objections if the facts underlying
8 the affidavit are the type that would be admissible as evidence).

9       This court is hopeful that the amended rule, by
10 clarifying which objections may be properly made, will ultimately
11 result in fewer evidentiary objections in summary judgment
12 proceedings.  Unfortunately, these amendments apparently did not
13 reach defendant's attorneys in this case in time to stave off the
14 customary objections to plaintiff's declarations.  The court will
15 accordingly continue the hearing on the pending motion in order
16 to allow counsel to clean up their declarations and their
17 objections to them, so that the court can come as close as
18 possible to addressing the motion on its merits.

19       The hearing on the motion will therefore be continued
20 to May 9, 2011.  In the meantime, on or before **April 18, 2011**,
21 following the standard set out in the Advisory Committee's notes,
22 for each objection, plaintiff shall either (a) withdraw the
23 objectionable declaration statement, (b) "show that the material
24 is admissible as presented" (by arguing that it falls within a
25 hearsay exception, for example), or (c) "explain the admissible
26 form that is anticipated."  <u>See</u> Fed. R. Civ. P. 56(c)(2) advisory
27 committee's note to 2010 amendment.

28       The last option can be accomplished in several ways.

For example, plaintiff may submit new declarations or other materials to make the declaration statement admissible, such as providing the basis for personal knowledge currently missing from declarations.  Plaintiff could also submit declarations or deposition testimony from witnesses he intends to call at trial in order to submit what is currently hearsay in an admissible form.  Counsel could also submit an affidavit describing the witnesses plaintiff could call at trial, the questions he would ask those witnesses (and why those questions would be admissible), the answers he would receive, and what basis he has for believing that he would receive those answers.[1]

Plaintiff is cautioned that affidavits or declarations "used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."  Fed. R. Civ. P. 56(c)(4).

Defendant shall then submit any reply to plaintiff's response on or before **April 25, 2011**.  In deciding whether to persist in defendant's objections to plaintiff's amended declarations, counsel should bear in mind that specific types of objections are particularly improper on summary judgment. See Burch v. Regents of Univ. of Cal., 433 F. Supp. 2d 1110, 1119-20 (E.D. Cal. 2006). Objections to evidence on the ground that the evidence is irrelevant, speculative, argumentative, or constitutes an improper legal conclusion are all duplicative of

---

[1] The court does not need to re-open discovery because discovery is open until April 29, 2011.  (See Sept. 16, 2010, Status (Pretrial Scheduling) Order at 2:22-24 (Docket No. 8).)

4

the summary judgment standard itself.

A court can award summary judgment only when there is no genuine dispute of <u>material fact</u>. It cannot rely on irrelevant facts, and thus relevance objections are redundant. Instead of objecting, parties should argue that certain facts are not material. Similarly, statements based on speculation, improper legal conclusions, or argumentative statements, are not <u>facts</u> and can only be considered as arguments, not as facts, on a motion for summary judgment. Objections on any of these grounds are superfluous. Instead of challenging the admissibility of this evidence, lawyers should challenge its sufficiency.

The hearing on defendant's motion for summary judgment is rescheduled and will be heard on **May 9, 2011, at 2:00 p.m.** in Courtroom No. 5.

IT IS SO ORDERED.

DATED:  April 6, 2011

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE