LAW OFFICES OF ALDON BOLANOS
ALDON L. BOLANOS, ESQ., SBN. 233915
925 G STREET
SACRAMENTO, CA  95814

Telephone:    (916) 446.2800
Facsimile:    (916) 446.2828

Attorney for Plaintiff
EDISON MAYO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDISON MAYO,<br><br>              Plaintiff,<br><br>      v.<br><br>RECYCLE TO CONSERVE, INC.,<br><br>              Defendant. | Case No.  2:10-cv-00629-WBS-EFB<br><br>**SEPARATE STATEMENT IN OPPOSITION**<br><br>Ctrm:    5<br>Judge:   Hon. William B. Schubb |

        Pursuant to court order of May 10, 2011, Plaintiff Edison
MAYO hereby submits his Separate Statement of Material Facts in
Opposition to defendant RECYCLE TO CONSERVE, INC.'s Motion for
Summary Judgment/Adjudication.

| **Defense Material Facts and Evidence** | **Plaintiff's Response and Supporting Evidence** |
|---|---|
| 1. Until October, 2009, Plaintiff worked as a driver for RTC at its Stockton location.<br><br>**Odahl Decl., ¶ 2.** | Undisputed. |
| 2. Plaintiff was one of several African-American employees at | Undisputed.  Additionally, throughout his more than |

| | |
|---|---|
| RTC's Stockton location, although he was the only African-American driver.<br><br>**P's Depo., 73:10-74:17 [Kennaday Decl., Ex. A]; Odahl Decl., ¶ 3.** | decade-long tenure of service, Plaintiff was always the only Afro-American driver for Defendant. |
| 3. In 2005, RTC instituted a "two-accident" policy, which applied to all drivers.  The policy provides:  "[I]f you are involved in two (2) accidents involving property damage or injury while operating Company equipment, your employment may be terminated."<br><br>**McMullin Decl., ¶ 2, Exh. A.** | **Disputed**.  The policy was applied unevenly and unfairly in favor of Caucasian drivers and against the Afro-American driver, Plaintiff.  For example, several white drivers could and did get in up to four accidents with no action taken by the company.  Additionally, when white drivers got into qualifying accidents under the policy, the accidents were not counted against them for purposes of the two-accident rule.<br><br>The policy also on its face purports to apply to all employees, and is in no way limited to only drivers.<br><br>Mayo Declaration, paragraphs Eleven 11 through 14.<br><br>**Exhibit 5 to Bolanos Declaration.**<br><br>Bolanos Declaration, paragraph 4. |
| 4. Plaintiff was provided with a copy of the policy and understood it to mean that, if an employee was involved in two accidents involving property damage or injury while operating Company equipment, then the employee's employment could be terminated.<br><br>**P's Depo., 19:14-21:1 [Kennaday Decl., Ex. A].** | **Disputed**.  Mayo understood the policy well-enough, but he also understood it was applied unfairly and unevenly in favor of the white drivers and against him, the only black driver.<br><br>Mayo Declaration, paragraphs Eleven 11 through 14.<br><br>Bolanos Declaration, Exhibit 5, showing evidentiary proof the policy was unfairly and unevenly applied. |

| | |
|---|---|
| 5. Plaintiff's first accident after the two-accident policy was implemented occurred in June, 2007.  The accident involved damage to Company property.<br><br>**P's Depo., 21:10-16 [Kennaday Decl., Ex. A]; Odahl Decl., ¶ 4.** | Undisputed. |
| 6. Plaintiff understood his 2007 accident counted as one accident pursuant to the two-accident policy.<br><br>**P's Depo., 23:18-20 [Kennaday Decl., Ex. A].** | Undisputed. |
| 7. Plaintiff's second accident after the two-accident policy was implemented occurred in October, 2009.  The accident involved damage to Company property.<br><br>**P's Depo., 27:19-23 [Kennaday Decl., Ex. A]; Odahl Decl., ¶ 5, Ex. B; McMullin Decl., ¶ 3.** | Undisputed. |
| 8. Plaintiff was terminated in October, 2009 following his second accident.<br><br>**Complaint (Request for Judicial Notice, Exh. A), ¶ 3; McMullin Decl., ¶¶ 3-4.** | **Disputed.**  Plaintiff was terminated a full three weeks after his second accident, after he had been permitted to continue driving and had trained another driver.<br><br>Mayo Declaration, paragraph 16.<br><br>Bolanos Declaration, paragraph 3. |
| 9. Sean Odahl, Plaintiff's supervisor, recommended that Plaintiff's employment be terminated based solely on Plaintiff's violation of the two-accident policy.  Mr. Odahl made that recommendation to RTC's President, Mr. McMullin.<br><br>**Odahl Decl., ¶ 6.** | **Disputed.**  O'Dahl's participation in firing Mayo was due in large and substantial part to his anti-black racial animus expressed by his unwillingness to fairly treat sole his black driver the same way he treated white drivers. |

| | |
|---|---|
| | Additionally, the stated reason for termination – the two accident rule – was actually pretext for the real reason for termination: because Plaintiff is Afro-American.  This pretext is shown by the uneven, unfair, and racially biased manner the policy was applied to Mr. Mayo on the one hand, and to the Caucasian drivers on the other, specifically as Caucasian drivers did not have their accidents counted against them under the policy.<br><br>Mayo Declaration, paragraphs 5 through 10, and 13 through 15.<br><br>Bolanos Decl., Ex. 5. |
| 10.  Mr. Odahl did not take into account Plaintiff's race when making the recommendation to terminate his employment.<br><br>**Odahl Decl., ¶ 6.** | **Disputed**.  O'Dahl's participation in firing Mayo was due in large and substantial part to his anti-black racial animus expressed by his unwillingness to fairly treat sole his black driver the same way he treated white drivers.<br><br>Additionally, the stated reason for termination – the two accident rule – was actually pretext for the real reason for termination: because Plaintiff is Afro-American.  This pretext is shown by the uneven, unfair, and racially biased manner the policy was applied to Mr. Mayo on the one hand, and to the Caucasian drivers on the other, specifically as Caucasian drivers did not have their accidents counted against them under the policy.<br><br>Mayo Declaration, paragraphs 5 through 10, and 13 through 15.<br><br>Bolanos Decl., Para. 5. |
| 11.  Plaintiff's termination was approved by Robert | **Disputed**.  McMullin ratification of a racist |

| | |
|---|---|
| McMullin, RTC's President. Mr. McMullin approved the termination based solely on Mr. Odahl's recommendation.<br><br>**McMullin Decl., ¶ 4.** | decision by Elwood and O'Dahl means he too made a racist decision to treat a black driver differently from the white drivers.<br><br>Mayo Declaration, paragraphs 5 through 10, and 13 through 15. |
| 12.  Mr. McMullin did not take into account Plaintiff's race when approving the termination of Plaintiff's employment.<br><br>**McMullin Decl., ¶ 4.** | **Disputed.**  McMullin ratification of a racist decision by Elwood and O'Dahl means he too made a racist decision to treat a black driver differently from the white drivers.<br><br>Mayo Declaration, paragraphs 5 through 10, and 13 through15.<br><br>Serpo Declaration, paragraphs 3-5, 7, 8. |
| 13.  No one other than Mr. McMullin and Mr. Odahl were involved in the decision to terminate Plaintiff's employment.<br><br>**McMullin Decl., ¶ 6.** | **Disputed.**  Elwood was involved in the decision as well.<br><br>Mayo Declaration, paragraphs Five (5) through Seven (7), Nine (9)and Ten (10).<br><br>Serpo Declaration, paragraph 3. |
| 14.  Plaintiff contends that an RTC employee named Elwood Lindsey made racial comments to him.<br><br>**Complaint, ¶ 6 [Request for Judicial Notice, Ex. A]; P's Depo., 60:1-3 [Kennaday Decl., Ex. A].** | Undisputed. |
| 15.  Plaintiff admits that no one else was present when Mr. Lindsey allegedly made racial comments to him, and Plaintiff never reported Mr. Lindsey's comments to anyone within management at RTC.<br><br>**P's Depo., 50:12-51:24, 52:17-19, 53:23-55:7, 57:24-58:25, 62:2-9 [Kennaday Decl., Ex. A];** | **Disputed.**  Mayo reported the comments on multiple occasions to his supervisor O'Dahl and specifically discussed Elwood's racism.<br><br>Mayo Declaration, paragraphs Five (5) through Ten (10).<br><br>Serpa Declaration, paragraphs 3 and 5. |

| | | |
|---|---|---|
| 1 | **Odahl Decl., ¶¶ 7, 11.** | |
| 2 3 4 5 6 | 16.  Plaintiff complained to Mr. Odahl that Mr. Lindsey was making "negative comments" to him.<br><br>**P's Depo., 51:6-10 [Kennaday Decl., Ex. A].** | <u>**Disputed**</u>.  Mayo reported the comments on multiple occasions to his supervisor O'Dahl and specifically discussed Elwood's *racism*.<br><br><u>Mayo Declaration</u>, paragraphs Five (5) through Ten (10).<br><br><u>Serpa Declaration</u>, paragraph 5. |
| 7 8 9 10 | 17.  Plaintiff complained to Mr. Odahl that Mr. Lindsey threw a chain on the ground instead of handing it to him.<br><br>**P's Depo., 51:25-53:12 [Kennaday Decl., Ex. A].** | Undisputed. |
| 11 12 13 14 15 16 17 | 18.  Plaintiff complained to Mr. Odahl that Mr. Lindsey yelled and cursed at him when he went into the shop to get something for his truck. Plaintiff did not tell Mr. Odahl that Mr. Lindsey had made any racial comments to him during this incident.<br><br>**P's Depo., 53:18-55:7 [Kennaday Decl., Ex. A].** | <u>**Disputed**</u>.  Mayo reported the comments on multiple occasions to his supervisor O'Dahl and specifically discussed Elwood's racism.<br><br><u>Mayo Declaration</u>, paragraphs Five (5) through Ten (10).<br><br><u>Serpa Declaration</u>, paragraph 5. |
| 18 19 20 21 | 19.  Plaintiff complained to Mr. Odahl that Mr. Lindsey had not fixed his truck even though it had been sitting there for three weeks to a month.<br><br>**P's Depo., 60:13-62:9 [Kennaday Decl., Ex. A].** | Undisputed.  Mr. Mayo alerted his supervisor that Elwood was deliberately refusing to fix the truck, including the faulty brakes which caused his second accident.<br><br><u>Mayo Declaration</u>. |
| 22 23 24 25 26 27 | 20.  Plaintiff never told Mr. Odahl that any of Mr. Lindsey's comments to him were race-based, or otherwise let Mr. Odahl know that he believed Mr. Lindsey was treating him poorly because of his race.<br><br>**P's Depo., 50:12-51:24, 52:17-19, 53:23-55:7, 57:24-58:25, 62:2-9 [Kennaday Decl., Ex. A]; Odahl Decl., ¶¶ 7, 11.** | <u>**Disputed**</u>.  Mayo reported the comments on multiple occasions to his supervisor O'Dahl and specifically discussed Elwood's racism.<br><br><u>Mayo Declaration</u>, paragraphs Five (5) through Ten (10).<br><br><u>Serpa Declaration</u>, paragraph 5. |
| 28 | | |

| 21.  Mr. Odahl had no knowledge that Mr. Lindsey had made any race-based comments to Plaintiff and did not take Plaintiff's comments regarding Mr. Lindsey into account when recommending that Plaintiff's employment be terminated.  **Odahl Decl., ¶ 7.** | **Disputed**.  O'Dahl both had knowledge of Elwood's racist actions toward Mayo and himself treated the black driver differently than the white drivers.  Mayo Declaration, paragraphs 5-11, 13, 14, and 16.  Serpa Declaration, paragraphs 3, 5, 8, 9. |
| 22.  Plaintiff never made any complaints about Mr. Lindsey to anyone in management other than Mr. Odahl.  **P's Depo., 51:6-10; 58:20-25; 96:24-97:18 [Kennaday Decl., Ex. A]; McMullin Decl., ¶ 5; Odahl Decl., ¶7.** | Undisputed. |
| 23.  Plaintiff admits that Mr. Odahl never disciplined him for the complaints he made regarding Mr. Lindsey, nor did Mr. Odahl suggest that Plaintiff should not make a complaint if he had one.  **P's Depo., 60:4-8 [Kennaday Decl., Ex. A].** | **Disputed**.  O'Dahl told Mayo to just "stay away from" Elwood, and otherwise gave Mayo the impression that he should not make complaints because nothing would be done even if he did complain.  Mayo Declaration, paragraphs 5-8, 10, 12, 13, 14, 16.  Serpo Declaration, paragraphs 4, 5, 6, 8. |
| 24.  Mr. McMullin had no knowledge that Plaintiff had made any complaints about Mr. Lindsey when he approved Plaintiff's termination.  **McMullin Decl., ¶ 5.** | **Disputed**.  McMullin's ratification of a racist decision by Elwood and O'Dahl is circumstantial evidence that he too made a racist decision to treat a black driver differently from the white drivers.  Mayo Declaration, paragraphs 5 through 10, and 13 through 15.  Serpo Declaration, paragraphs 3-5, 7, 8. |

PLAINTIFF'S STATEMENT OF FACTS
2:10-CV-00629-WBS-EFB

| | |
|---|---|
| 25.  Plaintiff does not believe Mr. Odahl is racist.<br><br>**P's Depo., 45:20-21 [Kennaday Decl., Ex. A].** | **Disputed**.  O'Dahl's actions toward Mayo were racist.<br><br><u>Mayo Declaration</u>, paragraphs 5-14, 16.<br><br>Serpo Declaration, paragraphs 3-5, 7, 8. |
| 26.  Mr. Odahl has never done anything to make Plaintiff believe that Mr. Odahl would terminate him because of his race.<br><br>**P's Depo., 45:22-24 [Kennaday Decl., Ex. A].** | **Disputed**.  O'Dahl's actions toward Mayo were racist.<br><br><u>Mayo Declaration</u>, paragraphs 5-14, 16.<br><br>Serpo Declaration, paragraphs 3-5, 7, 8. |
| 27.  Mr. McMullin has never done anything that would make Plaintiff believe that Mr. McMullin would terminate him based on his race.<br><br>**P's Depo., 46:2-4 [Kennaday Decl., Ex. A].** | **Disputed**.  McMullin's ratification of a racist decision by Elwood and O'Dahl is circumstantial evidence that he too made a racist decision to treat a black driver differently from the white drivers.<br><br><u>Mayo Declaration</u>, paragraphs 5 through 10, and 13 through15.<br><br><u>Serpo Declaration</u>, paragraphs 3-5, 7, 8. |
| 28.  No one at RTC other than Elwood Lindsey ever made any racial comments to Plaintiff.<br><br>**P's Depo., 60:1-3 [Kennaday Decl., Ex. A].** | **Disputed**.  O'Dahl's actions toward Mayo were racist.<br><br><u>Mayo Declaration</u>, paragraphs 5-14, 16. |
| 29.  Mr. Lindsey had no involvement in the decision to terminate Plaintiff's employment.<br><br>**Odahl Decl., ¶ 9; McMullin Decl., ¶ 6.** | **Disputed**.  Elwood was involved in the decision as well.<br><br><u>Mayo Declaration</u>, paragraphs Five (5) through Seven (7), Nine (9)and Ten (10). |
| 30.  Plaintiff's termination is the only action Plaintiff alleges anyone in management at RTC took against him because of | **Disputed**.  Mayo also experienced tangible on-the-job detriment based on his race: he was given the worst routes, the |

| | |
|---|---|
| his race.<br><br>**P's Depo., 64:24-65:2 [Kennaday Decl., Ex. A].** | worst trucks, fewer repairs, and the accident policy was unfairly applied against him. He was also blamed for truck malfunctions which were not his fault.<br><br>Mayo Declaration, paragraphs 5, 6, 7, 11, 12, 13-16. |
| 31.  Plaintiff contends three other employees were not terminated after being involved in two accidents.  Those three employees are Kevin Christian, Ralph Lantz and Elwood Lindsey.<br><br>**P's Depo., 65:3-9 [Kennaday Decl., Ex. A]; Odahl Decl., ¶ 8.** | Undisputed. |
| 32.  Plaintiff admitted he could only recall one accident in which Ralph Lantz had been involved, not two.<br><br>**P's Depo., 68:1-10 [Kennaday Decl., Ex. A].** | **Disputed.  <u>The white drivers have been in four accidents each, and no action was taken against them.</u>**<br><br>Mayo Declaration, paragraph 11.<br><br>Bolanos Declaration, Exhibit 5. |
| 33.  Plaintiff has no personal knowledge regarding whether Mr. Christian and Mr. Lindsey were involved in two or more accidents following implementation of the two-accident policy.<br><br>**P's Depo., 68:16-69:7 [Kennaday Decl., Ex. A].** | **Disputed.**  The white drivers have been in four accidents each, and no action was taken against them.<br><br>Mayo Declaration, paragraph 11.<br><br>Bolanos Declaration, Ex. 5. |
| 34.  Mr. Lantz has been involved in only one accident involving personal injury or property damage following implementation of the two-accident policy.<br><br>**Odahl Decl., ¶ 8.** | **Disputed.**  The white drivers have been in four accidents each, and no action was taken against them.<br><br>Mayo Declaration, paragraph 11. |
| 35.  Mr. Christian has been involved in no accidents following implementation of the two-accident policy. | **Disputed.**  Mr. Mayo has evidentiary proof that Mr. Christian was involved in an accident with a company |

| | |
|---|---|
| **Odahl Decl., ¶ 8.** | vehicle, causing property damage, and following implementation of the two accident rule.<br><br>**Mayo Declaration**, paragraph 11.<br><br>Bolanos Declaration, Ex. 5. |
| 36.  Mr. Lindsey has been involved in no accidents involving injury or property damage following implementation of the two-accident policy.<br><br>**Odahl Decl., ¶ 8.** | **Disputed**.  The white drivers have been in four accidents each, and no action was taken against them.<br><br>**Mayo Declaration**, paragraph 11. |
| 37.  Mr. Lindsey is not a driver, and RTC's two-accident policy only applies to drivers.<br><br>**Odahl Decl., ¶ 8.** | **Disputed**.  The policy applies to all employees operating company equipment.<br><br>**Mayo Declaration**, paragraph 11. |
| 38.  Mr. Odahl is aware of no driver at the Stockton facility who has been involved in two accidents involving property damage or injury while operating Company equipment following implementation of the two-accident policy other than Plaintiff.<br><br>**Odahl Decl., ¶ 8.** | **Disputed**.  The white drivers have been in four accidents each, and no action was taken against them.<br><br>**Mayo Declaration**, paragraph 11. |
| 39.  RTC's two-accident policy has been applied uniformly throughout RTC for all drivers involved in two accidents involving personal injury or property damage following implementation of the policy.<br><br>**McMullin Decl., ¶ 2.** | **Disputed**.  The white drivers have been in four accidents each, and no action was taken against them.<br><br>**Mayo Declaration**, paragraph 11. |
| 40.  When asked why he thought he was terminated, Plaintiff testified:  "Somebody had a strong dislike towards me."  When asked who that person was, he admitted "I really can't say."<br><br>**P's Depo., 62:16-23 [Kennaday** | **Disputed**.  Plaintiff was terminated because of his race, black.<br><br>**Mayo Declaration**. |

| | |
|---|---|
| **Decl., Ex. A].** | |
| 41.  Plaintiff admits that he never reported any unlawful activity to a government or law enforcement agency.<br><br>**P's Depo., 72:12-17 [Kennaday Decl., Ex. A].** | Undisputed. |
| 42.  Mr. Odahl was Plaintiff's supervisor and an employee of RTC when Plaintiff made his complaints regarding Mr. Lindsey.<br><br>**Odahl Decl., ¶ 2.** | Undisputed. |
| 43.  No one at RTC ever asked Plaintiff to do anything that he felt was illegal.<br><br>**P's Depo., 72:18-21 [Kennaday Decl., Ex. A].** | Undisputed. |
| 44.  Plaintiff filed a state administrative complaint with California's Department of Fair Employment and Housing using the form complaint.<br><br>**Kennaday Decl., Ex. C & D, ¶¶ 4-5.** | Undisputed. |
| 45.  Plaintiff's Department of Fair Employment and Housing complaint indicated that Plaintiff was terminated because of "age" and "race/color."<br><br>**Kennaday Decl., Ex. C & D, ¶¶ 4-5.** | Undisputed. |

/ / /

/ / /

/ / /

/ / /

PLAINTIFF'S STATEMENT OF FACTS
2:10-CV-00629-WBS-EFB

| 46.  Plaintiff's Department of Fair Employment and Housing complaint did not indicate retaliation conduct. **Kennaday Decl., Ex. C & D, ¶¶ 4-5.** | **Disputed**.  It is encompassed within the scope of his race complaint.<br><br>Mayo Declaration. |

DATED:     May 31, 2011


                                     By:   /s/ Aldon L. Bolanos, Esq.
                                         ALDON L. BOLANOS
                                         Attorney for Plaintiff
                                         EDISON MAYO