ALDON BOLANOS, ESQ., SBN. 233915
LAW OFFICES OF ALDON BOLANOS
925 G STREET
SACRAMENTO, CA 95814
PH.     916.446.2800
FX.     916.446.2828
WWW.ALDONLAW.COM

Attorney for Plaintiff Edison Mayo

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Edison Mayo,

        Plaintiffs,

  vs.

Recycle to Conserve,

        Defendant.

Case No.  2:10-CV-00629-WBS-EFB

PLAINTIFFS' PRETRIAL STATEMENT

      Pursuant to the Federal Rules of Civil Procedure, including Rule 26(a)(3), Local Rule 281, and the Court's scheduling order in this case, Plaintiff EDISON MAYO ("Plaintiff") hereby submits his Pretrial Statement.

1.    Jurisdiction/Venue

      Jurisdiction is based on federal question jurisdiction, 28 U.S.C. section 1331, and Title VII of the Civil Rights Act of 1964. (42 U.S.C. §§ 2005e-5, 12117(a) and via supplemental jurisdiction. Venue in this Court is appropriate pursuant to 28 U.S.C. section 1391 because a substantial part of the alleged events or omissions upon which Plaintiff's claims are based occurred in this district.

2. Jury/Non-Jury

Plaintiffs demanded a jury trial, which has not been contested.

3. Undisputed Facts

Plaintiff Mayo was employed with Recycle to Conserve as a truck driver and was its only black driver. He was subjected to persistent racial discrimination by the lead mechanic, Elwood Lindsey. This culminated in Elwood refusing to repair the breaks on Mayo's truck. Mayo's breaks then locked up, causing an accident. Mayo was terminated under a "two accident rule" which was mere pretext for racial discrimination because other, white drivers had been in two or more accidents and had not been terminated.

4. Disputed Factual Issues

The defense claims that despite Elwood's racism, he had no authority to hire or fire Mayo. Plaintiff claims that Elwood's racist actions are what led to his termination, that management knew about these issues and did nothing, and in fact condoned Elwood's conduct, and that Elwood did influence the decision to terminate Mayo because he was black.

5. Disputed Evidentiary Issues

The defense may seek to introduce evidence of child support orders and payments. Mr. Mayo would object to the introduction of such evidence as completely irrelevant and entirely prejudicial.

6. Relief Sought

General and special and punitive damages, as well as attorneys' fees and costs.

7.     Points of Law

      The parties have disclosed all witnesses and documents.

8.     Witnesses

      Plaintiffs intend to present the following witnesses:

A.     Edison Mayo

B.     Joseph Serpo

C.     Sean O'Dahl (Hostile Witness)

D.     Kevin Christian (Hostile Witness)

E.     "Ralph"

F.     Mary Silveira (Expert Witness -- Economist).  400 8th Street, Sacramento, California 95814, Phone: 415.531.2093.

G.     Any witness in defendant's witness list.

9.     Exhibits

      A schedule of exhibits is attached hereto as Exhibit A.

10.     Trial of Issues

      There should be no bifurcation of any issue for trial.  This is a straightforward employment discrimination and retaliation case.  All issues should be decided by the same jury at the same time.

11.     Trial Exhibits/Protective Order

      No special handling is required, nor is any protective order required or sought.

12. Motions and Resolutions

None.

13. Claims Remaining At Trial

The claims remaining at trial are racial discrimination under Title VII.

14. Estimated Number of Trial Days

This trial should be complete in 3 to 5 court days.

15. Proposed Statement of the Case

This is an employment discrimination case. Plaintiff Edison Mayo alleges his employer, Recycle to Conserve, fired him because he is black. He alleges that his supervisor Sean O'Dahl and the Lead Mechanic, Elwood Lindsey, were racist against black people and ultimately that racism caused them to fire him. Mr. Mayo seeks lost wages and benefits and compensatory and punitive damages. The defense denies all allegations of wrongdoing and contends no damages should be awarded.

Dated: August 23, 2011          LAW OFFICES OF ALDON BOLANOS

*/s/ Aldon L. Bolanos, Esq.*

ALDON L. BOLANOS, ESQ.

EXHIBIT A -- DOCUMENTARY EXHIBITS

1. June 6, 2007, Employee Warning Notice
2. October 30, 2009, Separation Notice
3. August 18, 2005, Accident Policy
4. Ralph Lantz Accident Data, RTC 000138-RTC000145
5. Jaunary 9, 2007, Small Claims File Mayo v. Christian.
6. June 29, 2007, Employee Warning Notice, RTC0000004.
7. January 9, 2001, Employee Commendation, RTC000005.
8. September 20, 2006, Rate Increase, RTC000009.
9. August 30, 2005, Rate Increase, RTC0000010.
10. September 6, 2001, Rate Increase, RTC000012.
11. September 30, 2000, Rate Increase, RTC000013.
12. October 28, 1998, Medical Coverage Document, RTC000039.
13. Direct Deposit Sheet.  RTC000041.
14. Employment Earnings Verification, RTC000042.
15. Blue Cross Application. RTC000049.
16. Life Insurance Application.  RTC000051.
17. Ameritas Group Enrollment Form.  RTC000052.
18. Employment Application.  RTC000053.
19. Accident Report. RTC000057-61.
20. EDD Letter.  RTC000064.
21. Dext Job Description and Safety Training.  RTC000071-72.
22. Letter from Elwood Lindsey.  RTC000076-77.
23. Employee Handbook.  RTC000080-136.