Wilke, Fleury, Hoffelt, Gould & Birney, LLP
Kelli M. Kennaday, Bar No. 155153
kkennaday@wilkefleury.com
400 Capitol Mall, Twenty-Second Floor
Sacramento, CA  95814

Telephone:   (916) 441-2430
Facsimile:    (916) 442-6664

Attorneys for Defendant
RECYCLE TO CONSERVE, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDISON MAYO,<br><br>             Plaintiff,<br><br>v.<br><br>RECYCLE TO CONSERVE, INC.,<br><br>             Defendant. | Case No.  2:10-cv-00629-WBS-EFB<br><br>**DEFENDANT RECYCLE TO CONSERVE, INC.'S PRETRIAL STATEMENT**<br><br>**[Local Rule 16-281]**<br><br>Trial Date:   November 1, 2011<br>Time:          9:00 a.m.<br>Courtroom: 5<br>Judge:         Hon. William B. Shubb |

Defendant Recycle to Conserve, Inc. (RTC) submits the following Pretrial Statement pursuant to the Local Rules for the Eastern District, Rule No. 16-281.  This is an action for race discrimination brought pursuant to Title VII of the Civil Rights Act of 1964.

I.   **JURISDICTION-VENUE**

Jurisdiction is predicated upon federal question jurisdiction pursuant to 28 U.S.C. section 1331.  Venue is proper in the Eastern District of California pursuant to 28 U.S.C. section 1391(b).  There is no dispute concerning jurisdiction or venue.

II.   **JURY**

RTC has demanded a jury trial.  Plaintiff has not.

III.   **UNDISPUTED FACTS**

The following facts are undisputed:

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW

692370.1                                        - 1 -                        DEFENDANT RECYCLE TO CONSERVE, INC.'S
                                                                                              PRETRIAL STATEMENT
                                                                                              2:10-CV-00629-WBS-EFB

1. Until October 30, 2009, Plaintiff worked as a driver for RTC at its Stockton location.

2. Plaintiff is African-American.

3. Plaintiff was one of several African-American employees at RTC's Stockton location, although he was the only African-American driver at that location.

4. In 2005, RTC instituted a "two-accident" policy. The policy provides: "[I]f you are involved in two (2) accidents involving property damage or injury while operating Company equipment, your employment may be terminated."

5. Plaintiff was provided with a copy of RTC's two-accident policy.

6. Plaintiff was involved in an accident on June 18, 2007. The accident involved damage to Company property.

7. Plaintiff was involved in an accident on October 13, 2009. The accident involved damage to Company property.

8. Plaintiff was terminated on October 30, 2009.

All of the allegedly "undisputed facts" listed in Plaintiff's Pretrial Statement are disputed except the fact that Plaintiff was employed with RTC as a truck driver.

IV.  **DISPUTED FACTUAL ISSUES**

1. Whether Mr. Odahl terminated Plaintiff based on his race.

2. Whether Mr. McMullin approved Plaintiff's termination based on his race.

3. Whether Mr. Lindsey was involved in the decision to terminate Plaintiff.

4. Whether Caucasian drivers were involved in two accidents and were not terminated.

5. Whether Plaintiff engaged in the theft of Company property during his employment at RTC.

6. Whether RTC would have discharged Plaintiff because of his theft of Company property had RTC known of it.

7. Whether RTC has a policy of discharging employees who engage in the theft of Company property.

## V. **DISPUTED EVIDENTIARY ISSUES**

RTC anticipates that Plaintiff may attempt to introduce evidence or argument regarding the following issues. RTC contends such evidence and/or argument is inadmissible:

1. Whether Plaintiff was retaliated against for complaining of discrimination or harassment. The Court has granted RTC's motion for summary adjudication as to this issue.

2. Whether Plaintiff told Mr. Serpa that he had complained to Mr. Odahl about Mr. Lindsay. Such evidence is hearsay and is also irrelevant, prejudicial and unduly time consuming.

3. Whether RTC discriminated against Plaintiff by taking adverse employment actions against him short of termination, such as giving Plaintiff a worse route, the worst truck and fewer repairs. Plaintiff has failed to exhaust his administrative remedies with respect to any alleged discriminatory conduct other than his termination.

4. Whether Elwood Lindsay had two or more accidents and was not terminated. Mr. Lindsay was not a driver and was thus not similarly situated to Plaintiff, making evidence of his alleged accidents irrelevant, prejudicial and unduly time-consuming.

5. Whether other drivers had accidents before implementation of the two-accident rule. Such evidence is irrelevant, prejudicial and unduly time consuming.

6. That RTC fought Plaintiff's claim for unemployment insurance benefits. Such evidence is irrelevant, prejudicial and unduly time-consuming.

7. The outcome and/or existence of discovery disputes or pretrial motions.

8. RTC's failure to call a witness who is equally available to Plaintiff.

9. The opinion of Joseph Serpa that white drivers were treated better than Plaintiff. This is an inadmissible lay opinion, is irrelevant and is prejudicial. Mr. Serpa can describe his observations without proffering his opinions.

10. Whether Plaintiff was told by a driver that a subhauler would not use Plaintiff's former trailer unless the brakes were fixed, and that they were subsequently fixed. Such evidence is hearsay.

11. Whether a white driver, Ralph Lantz, failed a drug test. Such evidence is

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW

692370.1                                                         - 3 -                          DEFENDANT RECYCLE TO CONSERVE'S
                                                                                                PRETRIAL STATEMENT
                                                                                                2:10-CV-00629-WBS-EFB

irrelevant, prejudicial and unduly time consuming.

12. Whether Plaintiff may call Mary Silviera, expert witness-economist, as a witness. Ms. Silviera was not disclosed as an expert witness nor did she produce a report by the date set forth in the Court's Status (Pretrial Scheduling) Order. In fact, Ms. Silviera's identity and Plaintiff's intent to call her as an expert witness was first revealed in Plaintiff's Pretrial Statement.

RTC will not seek to introduce evidence of child support orders and payments, identified as a potential disputed evidentiary issue in Plaintiff's Pretrial Statement.

## VI. SPECIAL FACTUAL INFORMATION IN CERTAIN ACTIONS

Not applicable.

## VII. RELIEF SOUGHT

Plaintiff is seeking lost wages in the form of back pay and front pay. Plaintiff also seeks emotional distress damages, punitive damages and attorneys' fees.

## VIII. POINTS OF LAW

Plaintiff's only claim against RTC is for race discrimination in violation of Title VII of the Civil Rights Act of 1964. Title VII makes it an unlawful employment practice for an employer to discharge an employee because of race. Here, Plaintiff alleges that he was terminated because of his race – African-American.

Plaintiff has the burden in this case of establishing that his race was either the sole reason or a motivating factor for RTC's decision to terminate him. RTC denies that Plaintiff's race was either the sole reason or a motivating factor for RTC's decision to terminate him and further claims that the decision to terminate Plaintiff was based upon his violation of the Company's two-accident policy. *Costa v. Dessert Palace, Inc.*, 299 F.3d 838, 856-857 (9th Cir. 2002). In the event Plaintiff requests and is given a mixed motive instruction, RTC will assert the affirmative defense that it would have made the same decision even if it had not taken Plaintiff's race into account. *Id.*

RTC has also asserted the affirmative defense of after-acquired evidence. In order to prevail on this defense, RTC must prove that: (1) Plaintiff engaged in the theft of Company

property during his employment; (2) Plaintiff's conduct was sufficiently severe that RTC would have discharged him because of that misconduct alone had RTC known of it; and (3) RTC would have discharged Plaintiff for his misconduct as a matter of settled company policy. CACI 2506, Judicial Council of California, Civil Jury Instructions (2010); *McKennon v. Nashville Banner Publishing Co.* (1995) 513 US 352, 130 L.Ed. 2d 852, 115 S. Ct. 879.

IX. **ABANDONED ISSUES**

None.

X. **WITNESSES**

1. Robert McMullin, 2811 Wilshire Boulevard, Suite 410, Santa Monica, CA 90403.
2. Sean Odahl, 704 Zephyr Street, Stockton, CA 95206.
3. Kevin Christian, 704 Zephyr Street, Stockton, CA 95206.
4. Ralph Lantz, 704 Zephyr Street, Stockton, CA 95206.
5. Kimberly Mayo, 3406 Mary Avenue, Stockton, CA 95206.
6. Elwood Lindsay, 2459 Jensen Court, Valley Springs, CA 95252.
7. Rida Hamed, 2811 Wilshire Boulevard, Suite 410, Santa Monica, CA 90403.

XI. **EXHIBITS, SCHEDULES AND SUMMARIES**

1. Plaintiff's DFEH Complaint.
2. Letter from Kimberly Mayo. (RTC000079)
3. Employee Warning Notice dated 7/6/07 (RTC000004)
4. Scope Industries' EEO-1 Report for 2009. (RTC000189-205)
5. Recycle to Conserve memo to all drivers from Brian de Kruyf dated 8/18/2005 regarding Accident Policy, signed by Edison Mayo on September 15, 2005. (RTC000001)
6. Cellphone Use Policy, signed by Edison Mayo on February 16, 2005. (RTC000003)
7. Employee Separation Notice for Edison Mayo, dated October 30, 2009. (RTC000138)
8. Automobile Loss Notice, Driver Statement and Diagram, signed by Edison Mayo on 10/22/2009. (RTC000057)

9. Accident Report-Wausau Insurance Companies regarding 6/18/07 accident. (RTC000060)

10. Supervisor's Incident Investigation Report, dated 10/22/09. (RTC000061)

11. Note from Kimberly Mayo to Recycle to Conserve regarding Edison Mayo, received June 2, 2010. (RTC000078)

12. Scope Products, Inc. Employee Handbook, issue date 1/1/2002. (RTC000080-135)

13. Employee Acknowledgement form for Employee Handbook, signed by Edison Mayo, on 3/13/02. (RTC000069)

14. Acknowledgment of New or Revised Policy, signed by Edison Mayo on 8/29/2000. (RTC000073)

15. Faults Information and Oil Analysis for truck driven by Plaintiff. (RTC000181-183)

16. Bakery Activity Report for Cottage Bakery route from July 5, 2009 through December 31, 2009. (RTC000184-188)

17. Repair records and damage photographs for truck driven by Plaintiff. (RTC000146-180)

**XII.  DISCOVERY DOCUMENTS**

1. Plaintiff's response to Requests for Admission as to Genuineness of Documents, Set One.

**XIII.  FURTHER DISCOVERY OR MOTIONS**

None.

**XIV.  STIPULATIONS**

None.

**XV.  AMENDMENTS – DISMISSALS**

None.

**XVI.  SETTLEMENT NEGOTIATIONS**

RTC does not believe further settlement negotiations and/or a court settlement conference

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW

692370.1                                - 6 -                     DEFENDANT RECYCLE TO CONSERVE'S
                                                                  PRETRIAL STATEMENT
                                                                  2:10-CV-00629-WBS-EFB

would be helpful.

## XVII. AGREED STATEMENTS

RTC does not believe that presentation of all of or part of the action upon an agreed statement of facts is feasible or advisable.

## XVIII. SEPARATE TRIABLE ISSUES

RTC requests that the issue of punitive damages be bifurcated from the substantive case.

## XIX. IMPARTIAL EXPERTS – LIMITATION OF EXPERTS

Impartial experts are not necessary. RTC will seek to exclude Plaintiff's newly disclosed economic expert on the grounds that she was not disclosed within the time designated by the Court in its Status (Pretrial Scheduling) Order, has not prepared or produced a report, and has not been deposed. The first notice RTC had that Plaintiff intended to call Ms. Silviera as an expert witness was when RTC received Plaintiff's Pretrial Statement.

## XX. ATTORNEYS' FEES

Plaintiff seeks attorneys' fees under Title VII of the Civil Rights Act of 1964. Should Plaintiff prevail on the merits of his claim and obtain a judgment against RTC, he would be entitled to seek fees by way of noticed motion pursuant to Federal Rule of Civil Procedure 54(d)(2), as well as Local Rule 293.

## XXI. TRIAL EXHIBITS

No special handling of trial exhibits is anticipated. The Court may retain exhibits pending any decision on appeal.

## XXII. TRIAL PROTECTIVE ORDER

No trial protective order will be sought.

## XXIII. MISCELLANEOUS

1. Motion Practice

On March 11, 2011, RTC filed a motion for summary judgment or, in the alternative, summary adjudication of issues. By way of order dated June 13, 2011, the Court denied RTC's motion with respect to Plaintiff's claim for race discrimination under Title VII and granted RTC's motion with respect to Plaintiff's claims for retaliation under Title VII and violation of California

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW

692370.1                          - 7 -                     DEFENDANT RECYCLE TO CONSERVE'S
                                                            PRETRIAL STATEMENT
                                                            2:10-CV-00629-WBS-EFB

Labor Code section 1102.5.

2. Remaining Claims

The only claim remaining in this case is for race discrimination in violation of Title VII.

3. Trial Estimate

It is anticipated that this case will require five (5) trial days.

4. Statement of the Case

This is an employment case alleging race discrimination. Plaintiff is African-American and was employed by RTC as a driver until October, 2009, when he was terminated. Plaintiff claims that he was terminated because of his race. RTC claims that Plaintiff was terminated for violating its two-accident policy after he had his second accident involving damage to Company property.

DATED: August 29, 2011

WILKE, FLEURY, HOFFELT,
GOULD & BIRNEY, LLP


By: /s/   Kelli M. Kennaday
KELLI M. KENNADAY
Attorneys for Defendant
RECYCLE TO CONSERVE, INC.

WILKE, FLEURY, HOFFELT, GOULD & BIRNEY, LLP
ATTORNEYS AT LAW
692370.1
- 8 -
DEFENDANT RECYCLE TO CONSERVE'S
PRETRIAL STATEMENT
2:10-CV-00629-WBS-EFB