UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

EDISON MAYO,                          NO. CIV. 2:10-629 WBS EFB

        Plaintiff,

                              FINAL PRETRIAL ORDER

    v.

RECYCLE TO CONSERVE, INC.,

        Defendant.

_____/

----oo0oo----

      A Final Pretrial Conference was held in this matter, pursuant to the provisions of Rule 16(d) of the Federal Rules of Civil Procedure and Local Rule 282, on September 6, 2011.  Aldon Louis Bolanos appeared as counsel for plaintiff; Kelli Michelle Kennaday appeared as counsel for defendant.  Following the hearing, the court enters this Final Pretrial Order:

           I.   <u>Jurisdiction-Venue</u>

      Jurisdiction is predicated upon federal question jurisdiction, 28 U.S.C. § 1331, because plaintiff has brought a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C.

1  §§ 2000e-2, 2000e-3.  Venue is undisputed and is hereby found to
2  be proper.

3           II.  <u>Jury-Nonjury</u>

4           The parties have demanded a jury trial.  Accordingly,
5  the action shall be tried, pursuant to Federal Rule of Civil
6  Procedure 48, before a jury consisting of no less than six and no
7  more than twelve members.

8           III. <u>Jury Instructions and Proposed Form of Verdict</u>

9           No later than ten court days before the trial date,
10 counsel for plaintiff shall lodge and serve, pursuant to Local
11 Rule 163, copies of all jury instructions that plaintiff requests
12 be given on plaintiff's claim.  At that time, counsel for
13 plaintiff shall also file and serve a copy of a proposed form of
14 verdict.

15          No later than seven court days before the trial date,
16 counsel for defendant shall file and serve any objections to the
17 instructions proposed by plaintiff.  At the same time, counsel
18 for defendant shall lodge and serve, pursuant to Local Rule 163,
19 copies of any and all jury instructions not already proposed by
20 plaintiff, which defendant requests be given.  Also at that time,
21 counsel for defendant shall file and serve a copy of any proposed
22 form of verdict and shall also file any objections to plaintiff's
23 proposed form of verdict.

24          No later than four court days before the trial date,
25 counsel for plaintiff shall file and serve any objections to the
26 instructions proposed by defendant and to any proposed form of
27 verdict.

28          Pursuant to Local Rule 163, any other instructions

                                  2

1  thereafter presented will be refused unless it is shown either:
2  (1) that the necessity for the request arose in the course of
3  trial; could not reasonably have been anticipated prior to trial
4  from the pleadings, discovery, or nature of the action; and the
5  request for such additional instructions is presented to the
6  court as promptly as possible; or (2) that the refusal to give
7  such instructions would constitute plain error.

8        Likewise, any objections to proposed instructions not
9  made in accordance with this Order will be overruled as untimely
10 unless it is shown either:  (1) that the grounds therefor arose
11 in the course of trial and the intention to make such objections
12 is communicated to the court as promptly as possible, or (2) that
13 the giving of such instructions would constitute plain error.

14                IV.  Voir Dire Questions

15        No later than fourteen days before the trial date,
16 counsel for each party shall submit all proposed jury voir dire
17 questions.

18                V.  Trial Briefs/Motions in Limine

19        No later than fourteen days before the trial date,
20 counsel for each party shall file trial briefs, which shall
21 include any motions in limine, pursuant to Local Rule 285.  No
22 later than seven days before trial, the parties may file
23 oppositions, if any, to the motions in limine.

24                VI.  Remaining Claim

25        After the court's Order granting in part defendant's
26 motion for summary judgment, the sole remaining claim for trial
27 is plaintiff's claim for race discrimination under Title VII.
28 ///

                           3

VII.   <u>Witnesses</u>

(A)   Plaintiff anticipates calling the witnesses identified at Exhibit "A" attached hereto.

(B)   Defendant anticipates calling the witnesses identified at Exhibit "B" attached hereto.

(C)   No other witnesses will be permitted to testify at trial unless:

(1)   all parties stipulate that the witness may testify;

(2)   the party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not have been reasonably anticipated at the time of the Pretrial Conference; or

(3)   the witness was discovered after the Pretrial Conference.

(D)   Testimony of a witness not designated in this Order, which is offered under paragraph VII(C)(3), above, upon the grounds that the witness was discovered after the Pretrial Conference, will not be permitted unless:

(1)   the testimony of the witness could not reasonably have been discovered prior to the Pretrial Conference;

(2)   the court and opposing counsel were promptly notified upon discovery of the testimony; and

(3)   counsel proffered the witness for deposition if time permitted or provided opposing counsel a reasonable summary of the testimony if time did not permit a deposition.

VIII.   <u>Exhibits</u>

(A)   Plaintiff intends to offer the exhibits identified

4

at Exhibit "C" attached hereto.

(B)   Defendant intends to offer the exhibits identified at Exhibit "D" attached hereto.

(C)   Each party may offer any exhibit designated by any other party.

(D)   No other exhibits will be received in evidence unless:

(1)   all parties stipulate that the exhibit may be received in evidence;

(2)   the party offering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not have been reasonably anticipated at the time of the Pretrial Conference; or

(3)   the exhibit was discovered after the Pretrial Conference.

(E)   An exhibit not designated in this Order, which is offered under paragraph VIII(D)(3), above, upon the grounds that the exhibit was discovered after the Pretrial Conference, will not be received in evidence unless:

(1)   the exhibit could not reasonably have been discovered prior to the Pretrial Conference;

(2)   the court and opposing counsel were promptly notified upon discovery of the exhibit; and

(3)   counsel provided copies of the exhibit to opposing counsel if physically possible or made the exhibit reasonably available for inspection by opposing counsel if copying was not physically possible.

(F)   Each party shall exchange copies of all exhibits

5

identified in this Order, or make them reasonably available for inspection by all other parties, no later than seven calendar days before the trial date.  Any and all objections to such exhibits shall be filed and served not later than four calendar days before the trial date.

(G)  The attorney for each party is directed to appear before trial and present an original (and if physically possible one copy) of each exhibit to Deputy Clerk Karen Kirksey Smith at 8:30 a.m. on the date of trial.

(H)  Each exhibit which has been designated in this Order and presented on the morning of the date of trial shall be pre-marked by counsel.  Plaintiff's exhibits shall bear numbers; defendant's exhibits shall bear letters.  If no objection has been made to such exhibit pursuant to paragraph VIII(F), above, such exhibit will require no further foundation and will be received in evidence upon the motion of any party at trial.

IX. Further Discovery and Motions

No further motions shall be brought before trial except upon order of the court and upon a showing of manifest injustice. Fed. R. Civ. P. 16(e).  No further discovery will be permitted except by the express stipulation of all parties or upon order of the court and upon a showing of manifest injustice.  Id.

X.   Use of Depositions or Interrogatories

No later than twenty calendar days before the trial date, counsel for each party shall file and serve a statement designating all answers to interrogatories and all portions of depositions intended to be offered or read into evidence, with the exception of portions to be used only for impeachment or

1   rebuttal.  No later than ten calendar days before the trial date,
2   counsel for any other party may file and serve a
3   counter-designation of other portions of the same depositions
4   intended to be offered or read into evidence and may file
5   evidentiary objections to any other parties' designation.  No
6   later than seven calendar days before the trial date, the parties
7   may file evidentiary objections to any other party's
8   counter-designation.

9              XI.   <u>Date and Length of Trial</u>

10             The trial is set for November 1, 2011, at 9:00 a.m. in
11  Courtroom No. 5.  The court estimates that the trial will last
12  between three and five court days.

13             XII.  <u>Daubert Procedure</u>

14             Any challenges based on <u>Daubert v. Merrell Dow</u>
15  <u>Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993), and <u>Kumho Tire Co. v.</u>
16  <u>Carmichael</u>, 526 U.S. 137 (1999), will be raised and resolved
17  outside the presence of the jury just prior to when the
18  challenged expert will be called to give testimony.  Any
19  challenged expert shall be present for such a challenge, and
20  shall be available for questioning.

21             XIII. <u>Evidence Presentation Equipment</u>

22             The court has new technical equipment, but may not have
23  all of the "state-of-the-art" audio visual equipment and may not
24  have support personnel necessary for the effective presentation
25  of evidence by electronic means.  Counsel are therefore
26  encouraged to present their documentary evidence by conventional
27  means.  If any party feels that electronic presentation is
28  necessary, they should contact the Courtroom Deputy prior to

                                   7

1   trial to determine what equipment the court has and how to use

2   that equipment or bring their own audio visual equipment to the

3   courtroom and be prepared to operate it themselves.

4        XIV. <u>Settlement Conference</u>

5        A Settlement Conference is set before Magistrate Judge

6   Edmund F. Brennan at 10:00 a.m. on October 20, 2011.

7        Each party is ordered to have a principal with full

8   settlement authority present at the conference or be fully

9   authorized to settle the matter on any terms.  No later than

10  seven days before the date of the Settlement Conference, counsel

11  for each party shall submit a confidential Settlement Conference

12  Statement to the settlement judge.  Such statements shall not be

13  filed, but shall be delivered to the chambers of the settlement

14  judge, in hard copy.

15       XV.  <u>Objections to Pretrial Order</u>

16       Any objections or suggested modifications to this

17  Pretrial Order shall be filed and served within five court days

18  from the signed date of this Order.  All references herein to the

19  date of this Order shall refer to the date the tentative order is

20  filed and not to the date any amended order is filed.  If no

21  objections or modifications are made, this Order will become

22  final without further order of the court and shall control the

23  subsequent course of the action, pursuant to Rule 16(e) of the

24  Federal Rules of Civil Procedure.

25  DATED:  September 6, 2011

26

27                          WILLIAM B. SHUBB
                            UNITED STATES DISTRICT JUDGE
28

Exhibit "A": Plaintiff's Witnesses

A.   Edison Mayo

B.   Joseph Serpo

C.   Sean O'Dahl (Hostile Witness)

D.   Kevin Christian (Hostile Witness)

E.   "Ralph"

F.   Any witness in defendant's witness list.

Exhibit "B": Defendant's Witnesses

1.   Robert McMullin, 2811 Wilshire Boulevard, Suite 410, Santa Monica, CA 90403.

2.   Sean Odahl, 704 Zephyr Street, Stockton, CA 95206.

3.   Kevin Christian, 704 Zephyr Street, Stockton, CA 95206.

4.   Ralph Lantz, 704 Zephyr Street, Stockton, CA 95206.

5.   Kimberly Mayo, 3406 Mary Avenue, Stockton, CA 95206.

6.   Elwood Lindsay, 2459 Jensen Court, Valley Springs, CA 95252.

7.   Rida Hamed, 2811 Wilshire Boulevard, Suite 410, Santa Monica, CA 90403.

Exhibit "C": Plaintiff's Exhibits

1.    June 6, 2007, Employee Warning Notice

2.    October 30, 2009, Separation Notice

3.    August 18, 2005, Accident Policy

4.    Ralph Lantz Accident Data, RTC 000138-RTC000145

5.    Jaunary 9, 2007, Small Claims File Mayo v. Christian.

6.    June 29, 2007, Employee Warning Notice, RTC0000004.

7.    January 9, 2001, Employee Commendation, RTC000005.

8.    September 20, 2006, Rate Increase, RTC000009.

9.    August 30, 2005, Rate Increase, RTC0000010.

10.   September 6, 2001, Rate Increase, RTC000012.

11.   September 30, 2000, Rate Increase, RTC000013.

12.   October 28, 1998, Medical Coverage Document, RTC000039.

13.   Direct Deposit Sheet.   RTC000041.

14.   Employment Earnings Verification, RTC000042.

15.   Blue Cross Application. RTC000049.

16.   Life Insurance Application.   RTC000051.

17.   Ameritas Group Enrollment Form.   RTC000052.

18.   Employment Application.   RTC000053.

19.   Accident Report. RTC000057-61.

20.   EDD Letter.   RTC000064.

21.   Dext Job Description and Safety Training.   RTC000071-72.

22.   Letter from Elwood Lindsey.   RTC000076-77.

23.   Employee Handbook.   RTC000080-136.

Exhibit "D": Defendant's Exhibits

1.   Plaintiff's DFEH Complaint.

2.   Letter from Kimberly Mayo. (RTC000079)

3.   Employee Warning Notice dated 7/6/07 (RTC000004)

4.   Scope Industries' EEO-1 Report for 2009. (RTC000189-205)

5.   Recycle to Conserve memo to all drivers from Brian de Kruyf
     dated 8/18/2005 regarding Accident Policy, signed by Edison
     Mayo on September 15, 2005. (RTC000001)

6.   Cellphone Use Policy, signed by Edison Mayo on February 16,
     2005. (RTC000003)

7.   Employee Separation Notice for Edison Mayo, dated October
     30, 2009. (RTC000138)

8.   Automobile Loss Notice, Driver Statement and Diagram, signed
     by Edison Mayo on 10/22/2009. (RTC000057)

9.   Accident Report-Wausau Insurance Companies regarding 6/18/07
     accident. (RTC000060)

10.  Supervisor's Incident Investigation Report, dated 10/22/09.
     (RTC000061)

11.  Note from Kimberly Mayo to Recycle to Conserve regarding
     Edison Mayo, received June 2, 2010. (RTC000078)

12.  Scope Products, Inc. Employee Handbook, issue date 1/1/2002.
     (RTC000080-135)

13.  Employee Acknowledgement form for Employee Handbook, signed
     by Edison Mayo, on 3/13/02. (RTC000069)

14.  Acknowledgment of New or Revised Policy, signed by Edison
     Mayo on 8/29/2000. (RTC000073)

15.  Faults Information and Oil Analysis for truck driven by

12

1    Plaintiff. (RTC000181-183)

2    16.   Bakery Activity Report for Cottage Bakery route from July 5,

3          2009 through December 31, 2009. (RTC000184-188)

4    17.   Repair records and damage photographs for truck driven by

5          Plaintiff. (RTC000146-180)