WILKE, FLEURY, HOFFELT, GOULD & BIRNEY, LLP
Kelli M. Kennaday, Bar No. 155153
kkennaday@wilkefleury.com
400 Capitol Mall, Twenty-Second Floor
Sacramento, CA 95814
Telephone: (916) 441-2430
Facsimile: (916) 442-6664

Attorneys for Defendant
RECYCLE TO CONSERVE, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDISON MAYO,<br><br>Plaintiff,<br><br>v.<br><br>RECYCLE TO CONSERVE, INC.,<br><br>Defendant. | Case No. 2:10-cv-00629-WBS-EFB<br><br>**DEFENDANT RECYCLE TO CONSERVE, INC.'S EX PARTE APPLICATION FOR CONTINUANCE OF TRIAL DATE**<br><br>Current Trial Date: November 1, 2011 |

Defendant RECYCLE TO CONSERVE, INC. ("RTC") hereby applies for a short continuance of trial to a date of the Court's choosing on or after December 1, 2011. *The need for such relief has only eventuated within the last several days.*

RTC's lawyer, Kelli M. Kennaday, is currently in trial before the Stanislaus County Superior Court in the case of Coakley v. American Medical Response (Case No. 651925). That trial commenced on October 4, 2011. In the weeks and months leading up to commencement of that trial, all parties had anticipated—and had informed the Stanislaus County Superior Court accordingly—that trial would take approximately two weeks. However, on the first day of trial (October 4), opposing counsel suddenly informed the court that he believed the trial would require four to five weeks. Based on that representation, Judge Hurl W. Johnson set aside four weeks for trial. (Declaration of Kelli M. Kennaday ["Kennaday Decl."—submitted concurrently herewith], ¶ 2.)

As to the case pending before *this* Court, trial is scheduled to commence on November 1, 2011. While the previously-anticipated two-week trial in Coakley would have allowed Ms. Kennaday to seasonably prepare for and participate in a November 1 trial in the captioned matter, the new prospect of having to try a four-to-five week case in Stanislaus County will not permit Ms. Kennaday to do so. Moreover, virtually all of the work to date in this case has been personally handled by Ms. Kennaday. Thus, a full transfer of trial handling to another lawyer in the firm would be logistically infeasible, as well as very expensive to RTC. (Kennaday Decl., ¶ 3.) In the meantime, granting RTC's request will result in a minimal delay, and cause no undue prejudice to Plaintiff.[1]

Before closing, RTC wishes to note that it does not make this application lightly. RTC and its attorney are well aware of the Court's crowded docket, and apologize for any inconvenience the requested continuance may cause. Having said that, RTC's counsel cannot be in two places at once, and a denial of the sought-after continuance would result in RTC being deprived of its duly-selected counsel, to its substantial detriment.

For the reasons set forth above, RTC respectfully requests that the Court vacate the current trial date of November 1, 2011, and reset the trial to a date of the Court's choosing on or after December 1, 2011 (with remaining pretrial deadlines tracking off the new trial date).

DATED: October 9, 2011

WILKE, FLEURY, HOFFELT, GOULD & BIRNEY, LLP

By: /s/ Kelli M. Kennaday
KELLI M. KENNADAY
Attorneys for Defendant
RECYCLE TO CONSERVE, INC.

---

[1] On October 6, prior to filing this application, RTC sought to secure Plaintiff's stipulation to the continuance requested herein. However, Plaintiff, through attorney Aldon Bolanos, conditioned his stipulation on RTC's consent to Plaintiff's addition of two witnesses to its witness list. Such a quid pro quo is not palatable to RTC. In addition to the fact that Plaintiff's addition of witnesses has no relationship to the relief sought via the instant application, Plaintiff has already asked the Court for leave to add the two witnesses (CM/ECF Doc. No. 32), and that request is currently pending the Court's determination. (Kennaday Decl., ¶ 4.)