Aldon L. Bolanos, Esq., SBN. 233915
925 G Street
Sacramento, CA 95814
Ph.  916.446.2800
Fx.  916.446.2828
www.aldonlaw.com

Attorney for Plaintiff Edison MAYO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDISON MAYO,<br><br>          Plaintiff,<br><br>     vs.<br><br>RECYCLE TO CONSERVE, INC,<br><br><br>Defendants. | Case No.  2:10-cv-00629-WBS-EFB<br><br>OPPOSITION TO EX PARTE APPLICATION |

This case was filed on March 16, 2010, some ***nineteen months ago***.  The court's scheduling order was issued in September 2010, ***over one year ago***.  In that order, the court states: "**Counsel for all parties are to be fully prepared for trial at the time of the Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony**."  Scheduling Order, Page 3, lines 18-19.

1

In the defense Pretrial Conference Statement, *no mention is ever made* of any other pending trial or any scheduling issues.  The defense had a full and fair opportunity to bring this issue to the court's (and plaintiff's) attention and it utterly failed to so do. In this manner, the case is analogous to *Gregson v. Manteca Police Department*, 2007 WL 1988894 (E.D. Cal. 2007), in which a party did not disclose an issue in its pretrial conference statement, then sought a continuance based on a matter about which it had full knowledge at the time the pretrial conference statement was filed.  In *Gregson*, the court denied the ex parte continuance application, reasoning that "Counsel appeared at the Pretrial Conference and said nothing about any surprise resulting from the earlier disclosure of defendants' exhibits."

Similar Ninth Circuit case law also lines up against the defense request.  Consider that the "good cause" standard under FRCP 16 has been held satisfied where a litigant had brain cancer and needed more time to recover before trial[1], or where a litigant could not get a physician to render treatment to him prior to the trial date[2].  Contrast that with the situation here, where the litigant was not diligent in bringing the

---

[1] *United States v. Goldfarb*, 2008 WL 4183353 (D. Ariz. 2008).

[2] *Simmons v. Blake Workover & Drilling Co.*, 2003 WL 21500546 (E.D. La. 2003).

issue to the court's attention, made no mention of this other case in its pretrial conference statement, and there is no question of serious medical necessity – only that the attorney wants more time to be "seasonably prepared" for a trial where the Local Rules *require* counsel to be prepared for trial at the pretrial conference.

Along those lines, the Wilke Fleury firm is one of the largest and most prosperous in Sacramento.  It deploys *thirty-one* attorneys from its Downtown Sacramento office, which is *mere blocks* from the federal courthouse.  Moreover, the two other attorneys who have filed documents in this specific case are Kim Johnston, Esq. and Samson Elsbrand, Esq.. *Both* are still with the firm, and *both* have been working on this case since its inception, and both have been practicing law longer than plaintiff's attorney.  Surely either or both are also perfectly capable of spending *the next four weeks* preparing for and taking this case to trial.

Plaintiff has one attorney with a highly precarious trial and litigation calendar.  Altering the trial date now would work a material and substantial hardship on plaintiff and his counsel, as well as this court, because this trial time has been already blocked out, and counsel is *completely unavailable* in the month of December and the first half of January due to previous legal and personal commitments.

In sum, defense counsel is charged with having already prepared for trial before the pretrial conference; her argument that she needs two weeks' right before the trial to "seasonably prepare" rings absolutely hollow.  She has a veritable army of lawyers available to assist her, and who have assisted her throughout this process, and who are at least as capable as she in adequately representing the defendant at trial; her statement that she has worked alone on this case is utterly contradicted by the filings in this matter.  She never gave the court or counsel any notice of this other matter when she had a specific opportunity to so do at the pretrial conference.

Mr. Mayo has waited too long to have his civil rights case be heard.  The well-heeled defense has numerous lawyers available to it to avoid any undue prejudice, and the defense was neither diligent nor armed with good cause in bringing this application before the court.  For these reasons it is respectfully requested that the trial date be preserved.

Dated: October 10, 2011            Law Offices of Aldon Bolanos

                                   **_/s/ Aldon L. Bolanos, Esq._**

                                   Aldon L. Bolanos, Esq.
                                   Attorney for Plaintiff
                                   Edison MAYO