UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| EDISON MAYO, | NO. CIV. 2:10-629 WBS EFB |
| Plaintiff, | |
| v. | ORDER RE: PLAINTIFF'S OBJECTION TO PRETRIAL ORDER |
| RECYCLE TO CONSERVE, INC., | |
| Defendant. | |

----oo0oo----

On September 6, 2011, the court held the Final Pretrial Conference in this case and issued the Final Pretrial Order that same day. At least fourteen days prior to the Final Pretrial Conference, the parties were required to submit Pretrial Statements that included "[a] list (names and addresses) of all prospective witnesses, whether offered in person or by deposition or interrogatory, designating those who are expert witnesses." E.D. Local Rule 281(b)(10); see also Fed. R. Civ. P. 16(c)(2)(G). Local Rule 281(b)(10) specially warns, "Only witnesses so listed will be permitted to testify at the trial, except as may be

1

otherwise provided in the pretrial order."

The Final Pretrial Order in this case provided for the parties to call all of the witnesses listed in their pretrial statements and stated:

> (C) No other witnesses will be permitted to testify at trial unless:
>    (1) all parties stipulate that the witness may testify;
>    (2) the party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not have been reasonably anticipated at the time of the Pretrial Conference; or
>    (3) the witness was discovered after the Pretrial Conference.
> (D) Testimony of a witness not designated in this Order, which is offered under paragraph VII(C)(3), above, upon the grounds that the witness was discovered after the Pretrial Conference, will not be permitted unless:
>    (1) the testimony of the witness could not reasonably have been discovered prior to the Pretrial Conference;
>    (2) the court and opposing counsel were promptly notified upon discovery of the testimony; and
>    (3) counsel proffered the witness for deposition if time permitted or provided opposing counsel a reasonable summary of the testimony if time did not permit a deposition.

(Docket No. 31 at 4.)

On September 14, 2011, plaintiff Edison Mayo filed an ex parte objection to the Final Pretrial Order, seeking to add two witnesses to his list of witnesses for trial. The witnesses, David Simpson and La Yang, are employees of defendant and, according to plaintiff, "would testify regarding racism directed at Mr. Mayo in the workplace, racism in the workplace generally, and respond to the new allegation by the employer that Mr. Mayo may have stolen fuel or tools as a basis for his termination." (Docket No. 32 at 1-2.)

Addition of these witnesses does not come within any of the exceptions provided in the Final Pretrial Order.

Specifically, defendant has not stipulated that the witnesses may testify, and because plaintiff indicates that the witnesses were disclosed in his Rule 26 initial disclosures, the court cannot conclude that they were discovered after the Final Pretrial Conference or that their testimony will be offered for the purpose of "rebutting evidence which could not have been reasonably anticipated at the time of the Pretrial Conference."

The only explanation plaintiff offers for having omitted these witnesses from his Pretrial Statement is that he "was attempting to determine the address of the individuals" and "was unable to locate their address." (Docket No. 32 at 2.) With the exception of his expert witness, however, plaintiff did not include an address for any of the other five lay witnesses he listed in his Pretrial Statement and even identified one witness simply as "Ralph." (See Docket No. 28 at 3.) It is disingenuous to now suggest that plaintiff intentionally omitted Simpson and Yang from his Pretrial Statement because he did not have their addresses.

Because the Final Pretrial Conference is a significant juncture in the life of a case and can be regarded as tantamount to the first day of trial, "[t]he court may modify the order issued after a final pretrial conference only to prevent manifest injustice." Fed. R. Civ. P. 16(e); see also Angle v. Sky Chef, Inc., 535 F.2d 492, 495 (9th Cir. 1976) ("[A]n amendment of a pre-trial order should be permitted where no substantial injury will be occasioned to the opposing party, the refusal to allow the amendment might result in injustice to the movant, and the inconvenience to the court is slight." (quoting Sherman v. United

3

States, 462 F.2d 577, 579 (5th Cir. 1972))) (internal quotation marks omitted).

Although in an unpublished decision, the reasoning of WLD Investors, Inc., v. Xecom Corp., 35 Fed. App'x 609 (9th Cir. 2002), is instructive in this case.  In WLD Investors, Inc., the defendants failed to submit witness and exhibit lists in their pretrial statement and the district court ultimately denied his request to amend the final pretrial order.  The Ninth Circuit explained, "Notwithstanding the adverse consequences of the pretrial order on [the defendant's] ability to mount a defense, adverse consequences for defendants--arising from their own extreme lack of diligence--are hardly the 'manifest injustice' Rule 16(e) was designed to allow district courts to prevent." Id. at 612.

The Ninth Circuit further explained that "a represented party[] certainly can be charged with knowledge of local rules requiring the submission of pretrial materials," id. (citing Ringgold Corp. v. Worrall, 880 F.2d 1138, 1141-42 (9th Cir. 1989)), and, "[b]ecause the client is presumed to have voluntarily chosen the lawyer as his representative and agent, he ordinarily cannot later avoid accountability for negligent acts or omissions of his counsel," id. (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 396 (1993); Link v. Wabash R.R. Co., 370 U.S. 626, 633-34 (1962)).

Here, while testimony from plaintiff's former co-workers may strengthen his case, their exclusion from the trial does not rise to the level of "manifest injustice" Rule 16 requires.  Either plaintiff believed their testimony was

4

unnecessary at the time he prepared his pretrial statement or the witnesses were so insignificant to him at the time that he neglected to include them. Denying plaintiff's untimely[1] request to call them at trial does not result in manifest injustice under either circumstance. Accordingly, the court will deny plaintiff's objection to the Final Pretrial Order.

IT IS THEREFORE ORDERED that plaintiff's ex parte objection to the Final Pretrial Order (Docket No. 32) be, and the same hereby is, DENIED.

DATED: October 18, 2011

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's objection to the Final Pretrial Order was untimely. The court signed the Final Pretrial Order on September 6, 2011, and the Final Pretrial Order stated, "[a]ny objections or suggested modifications to this Pretrial Order shall be filed and served within five days from the signed date of this Order." This required any objections to the Final Pretrial Order to be filed on or before September 12, 2011, which was the Monday following the expiration of five-day deadline that fell on Sunday, September 11, 2011. Plaintiff did not file his objection until September 14, 2011. Nonetheless, even if plaintiff's objection to the Final Pretrial Order was timely, the court would still deny his request for the reasons explained herein.