1
Wilke, Fleury, Hoffelt, Gould & Birney, LLP
Kelli M. Kennaday, Bar No. 155153
2
kkennaday@wilkefleury.com
400 Capitol Mall, Twenty-Second Floor
3
Sacramento, CA 95814

4
Telephone:    (916) 441-2430
Facsimile:     (916) 442-6664
5

6
Attorneys for Defendant
RECYCLE TO CONSERVE, INC.

7

8
UNITED STATES DISTRICT COURT

9
EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  EDISON MAYO, | Case No.  2:10-cv-00629-WBS-EFB |
| 12         Plaintiff, | **DEFENDANT RECYCLE TO CONSERVE, INC.'S PROPOSED JURY INSTRUCTIONS** |
| 13     v. | |
| 14  RECYCLE TO CONSERVE, INC., | |
| 15         Defendant. | Trial Date:   November 1, 2011 |
| 16 | Time:          9:00 a.m.<br>Courtroom:  5 |
| 17 | Judge:         Hon. William B. Shubb |

18      Pursuant to Local Rule 163 and this Court's Final Pretrial Order, Defendant Recycle to

19  Conserve, Inc. (RTC) submits the following proposed jury instructions.  RTC notes that it has no

20  objection to Plaintiff's proposed instructions nos. 3, 5,[1] 6, 7, 13, 15, 21, 27, 28, 29, 30, and 31.

21  For sake of completeness, RTC has included these instructions with the set of proposed

22  instructions that it is submitting.

23                    **Index of Proposed Instructions**

24  1.      Conduct of the Jury
    2.      No Transcript Available to Jury
25  3.      Taking Notes
    4.      Outline of Trial
26  5.      Claims and Defenses
    6.      Duty of Jury

27  ────────────────────

28  [1] Although RTC has no objection to Plaintiff's Proposed Instruction No. 5 (dealing with preponderance of the evidence), it has added one sentence to its version of this instruction.

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW

723332.1                    - 1 -                    DEFENDANT RECYCLE TO CONSERVE, INC.'S
PROPOSED JURY INSTRUCTIONS
2:10-CV-00629-WBS-EFB

7.      Corporation as Party
8.      Burden of Proof – Preponderance of the Evidence
9.      Burden of Proof—Clear and Convincing Evidence
10.     What is Evidence
11.     What is Not Evidence
13.     Direct and Circumstantial Evidence
13.     Ruling on Objections
14.     Credibility of Witnesses
15.     Bench Conferences and Recesses
16.     Employment Discrimination – Introductory
17.     Title VII – Disparate Treatment – "Sole Reason" or "Motivating Factor"
18.     Title VII – Disparate Treatment – "Sole Reason" – Elements and Burden of Proof
19.     Title VII – Disparate Treatment – "Motivating Factor" – Elements and Burden of Proof
20.     Motivating Factor
21.     Business Judgment
22.     Title VII – Defense – After-Acquired Evidence
23.     Damages – Proof and Measure of Types of Damages
24.     Damages – Mitigation
25.     Damages – Back Pay/Front Pay – Mitigation
26.     Punitive Damages
27.     Duty to Deliberate
28.     Communication with Court
29.     Return of Verdict

DATED:        October 21, 2011            WILKE, FLEURY, HOFFELT,
                                          GOULD & BIRNEY, LLP


                                          By:   /s/      *Kelli M. Kennaday*
                                                 KELLI M. KENNADAY
                                                Attorneys for Defendant
                                             RECYCLE TO CONSERVE, INC.

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW

723332.1                        - 2 -

DEFENDANT RECYCLE TO CONSERVE'S
PROPOSED JURY INSTRUCTIONS
2:10-CV-00629-WBS-EFB

## INSTRUCTION NO. 1
### Conduct of the Jury

| Requested by Plaintiffs | | Requested by Defendants | X | | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.

Thus, until the end of the case or unless I tell you otherwise, do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

**Authorities:**   Ninth Circuit Manual of Model Jury Instructions 1.12 (2007).

---

Jury Instructions

## INSTRUCTION NO. 2
No Transcript Available to Jury

| Requested by Plaintiffs | | Requested by Defendants | X | | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | |

_____
Judge

  During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

  If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

**Authorities**: Ninth Circuit Manual of Model Jury Instructions 1.13 (2007).

---

Jury Instructions

## INSTRUCTION NO. 3
Taking Notes

| Requested by Plaintiffs | | Requested by Defendants | X | | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | |
| | | | | Judge | |

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the jury room. No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

**Authorities:**   Ninth Circuit Manual of Model Jury Instructions 1.14 (2007).

---

Jury Instructions

**INSTRUCTION NO. 4**
Outline of Trial

| Requested by Plaintiffs | | Requested by Defendants | X | | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | |
| | | | | Judge | |

Trials proceed in the following way. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**Authorities**:   Ninth Circuit Model Jury Instructions 1.19 (2007).

---

Jury Instructions

## INSTRUCTION NO. 5
### Claims and Defenses

| Requested by Plaintiffs | | Requested by Defendants | X | | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | _____ | | |
| | | | | | Judge |

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff, Edison Mayo, claims that the defendant, Recycle to Conserve, discriminated against him because of his race when it terminated his employment. The plaintiff has the burden of proving this claim.

Recycle to Conserve contends that it had a legitimate, non-discriminatory reason for terminating the plaintiff.

**Authorities:**   Ninth Circuit Mode Jury Instructions 1.2 (2007).

## INSTRUCTION NO. 6
Duty of Jury

| Requested by Plaintiffs | | Requested by Defendants | X | | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | |

_____
Judge

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be. It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**Authorities:** Ninth Circuit Model Jury Instruction 1.1C (2007) (with bracketed material removed).

---

### INSTRUCTION NO. 7
Corporation as Party

| Requested by Plaintiffs | | Requested by Defendants | X | | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | |
| | | | | Judge | |

A corporation, Recycle to Conserve, is a party to this lawsuit. This corporation is entitled to the same fair and impartial treatment that you would give to an individual. You must decide this case with the same fairness that you would use if you were a party deciding the case between individuals.

When I use words like "person" or "he" or "she" in these instructions to refer to a party, those instructions also apply to Recycle to Conserve.

**Authorities:**   CACI 104.

Jury Instructions

## INSTRUCTION NO. 8
Burden of Proof – Preponderance of the Evidence

| Requested by Plaintiffs | | Requested by Defendants | X | | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | |

_____
                                                          Judge

  When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

  After weighing all the evidence, if you cannot decide that something is more likely to be true than not true, you must conclude that the party did not prove it.

  You should base your decision on all of the evidence, regardless of which party presented it.

**Authorities:** Ninth Circuit Model Jury Instruction 1.3 (2007); CACI 200.

---

Jury Instructions

## INSTRUCTION NO. 9
Burden of Proof – Clear and Convincing Evidence

| Requested by Plaintiffs | | Requested by Defendants | X | | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | |
| | | | | Judge | |

     When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that it is highly probably that the claim or defense is true.  The clear and convincing evidence standard is a heavier burden than the preponderance of the evidence standard.

     You should base your decision on all of the evidence, regardless of which party presented it.

**Note:**  This is Plaintiff's Proposed Instruction No. 15, to which RTC has no objection.

---

Jury Instructions

723332.1

## INSTRUCTION NO. 10
### What is Evidence

| Requested by Plaintiffs | | Requested by Defendants | **X** | | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

The evidence you are to consider in deciding what the facts are consists of:

    1.    the sworn testimony of any witness;

    2.    the exhibits which are received into evidence; and

    3.    any facts to which the lawyers have agreed.

**Note:**   This is Plaintiff's Proposed Jury Instruction No. 3, to which RTC has no objection..

## INSTRUCTION NO. 11
### What is Not Evidence

| Requested by Plaintiffs | | Requested by Defendants | X | | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | |

_____
Judge

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses.  What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

(4)     Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

**Authorities:**  Ninth Circuit Model Jury Instruction 1.7 (2007) (with bracketed material removed).

## INSTRUCTION NO. 12
Direct and Circumstantial Evidence

| Requested by Plaintiffs | | Requested by Defendants | X | | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | |
| | | | | Judge | |

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**Note:**  This is Plaintiff's Proposed Jury Instruction No. 6 (and 13), to which RTC has no objection.

## INSTRUCTION NO. 13
### Ruling on Objections

| Requested by Plaintiffs | | Requested by Defendants | X | | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | |

Judge

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**Note:** This is Plaintiff's Proposed Jury Instruction No. 7, to which RTC has no objection.

## INSTRUCTION NO. 14
### Credibility of Witnesses

| Requested by Plaintiffs | | Requested by Defendants | X | | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

   In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

   In considering the testimony of any witness, you may take into account:

(1)   the opportunity and ability of the witness to see or hear or know the things testified to;

(2)   the witness's memory;

(3)   the witness's manner while testifying;

(4)   the witness's interest in the outcome of the case and any bias or prejudice;

(5)   whether other evidence contradicted the witness's testimony;

(6)   the reasonableness of the witness's testimony in light of all the evidence; and

(7)   any other factors that bear on believability.

   The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**Authorities:**   Ninth Circuit Model Jury Instruction 1.11 (2007).

Jury Instructions

**INSTRUCTION NO. 15**
Bench Conferences and Recesses

| Requested by Plaintiffs | | Requested by Defendants | X | | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | |
| | | | | Judge | |

  From time to time during the trial, it may have become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess. Please understand that while you were waiting, we were working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

  Of course, we have done what we could to keep the number and length of these conferences to a minimum. I did not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be..

**Authorities:** Ninth Circuit Model Jury Instruction 1.18 (2007) (modified to omit brackets).

## INSTRUCTION NO. 16
Employment Discrimination -- Introductory

| Requested by Plaintiffs | | Requested by Defendants | X | | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | |
| | | | | Judge | |

    The plaintiff, Edison Mayo, seeks to recover damages based on claim that the defendant, Recycle to Conserve, engaged in an unlawful employment practice under a federal law known as Title VII.  Title VII makes it an unlawful employment practice for an employer to discriminate against an employee upon certain bases, including race.

    Mr. Mayo alleges that Recycle to Conserve terminated his employment based on his race.

    Mr. Mayo's allegation of discrimination is based upon the theory of disparate treatment. Disparate treatment means the employer treats some individuals less favorably than others because of race.

**Authorities:**   BAJI 12.00 (2001 Revision).

## INSTRUCTION NO. 17
Title VII – Disparate Treatment – "Sole Reason" or "Motivating Factor"

| Requested by Plaintiffs | | Requested by Defendants | X | | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | |
| | | | | Judge | |

**NOTE**: *Instructions 17, 18, and 19, are requested in the alternative. A Title VII plaintiff must prove that the defendant took an adverse employment action against him "because of" race (or other protected characteristic). There are different ways a plaintiff may meet this burden, usually referred to as either a "single motive" theory a "mixed motive" theory. In general, the jury should only be instructed on one theory, and the choice of instruction will depend on the evidence offered at trial. As explained by the Ninth Circuit:*

> *"If, based on the evidence, the trial court determines that the only reasonable conclusion a jury could reach is that discriminatory animus is the **sole** cause for the challenged employment action or that discrimination played **no** role at all in the employer's decisionmaking, then the jury should be instructed to determine whether the challenged action was taken 'because of' the prohibited reason [i.e., the "sole reason" instruction]. . . . In contrast, in cases in which the evidence could support a finding that discrimination is one of two or more reasons for the challenged decision, at least one of which may be legitimate, the jury should be instructed to determine first whether the discriminatory reason was 'a motivating factor' in the challenged action.*

*Costa v. Desert Palace, Inc.*, 299 F.3d 838, 856-57 (9th Cir. 2002) (emphasis in original).

  *The "Comment" to the Ninth Circuit Model Jury Instructions explain that "the choice of instruction will depend on the evidence offered at trial." Defendant requests that Instruction 17, 18, and/or 19 be given depending the Court's determination of what the evidence reasonably supports.*

  The plaintiff, Edison Mayo, has brought a claim of employment discrimination against the defendant, Recycle to Conserve. Mr. Mayo claims that his race was either the sole reason or a motivating reason for Recycle to Conserve's decision to discharge him. RTC denies that Mr. Mayo's race was either the sole reason or a motivating reason for its decision to discharge Mr. Mayo and further claims that the decision to discharge Mr. Mayo was based upon a lawful reason.

**Authorities:** Ninth Circuit Model Jury Instruction 10.1A (2007) (modified to remove bracketed material).

---

Jury Instructions

**INSTRUCTION NO. 18**
Title VII – Disparate Treatment – "Sole Reason" – Elements and Burden of Proof

| Requested by Plaintiffs | | Requested by Defendants | X | | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

> **NOTE:**  *See note to Instruction 17, above.*

As to the plaintiff's claim that his race was the sole reason for Recycle to Conserve's decision to discharge him, Mr. Mayo has the burden of proving both of the following elements by a preponderance of the evidence:

1.   Mr. Mayo was discharged by Recycle to Conserve; and

2.   Mr. Mayo was discharged solely because of his race.

If you find that Mr. Mayo has proved both of these elements, your verdict should be for him.  If, on the other hand, Mr. Mayo has failed to prove either of these elements, your verdict should be for Recycle to Conserve.

**Authorities:**   Ninth Circuit Model Jury Instruction 10.1B (2007).

**INSTRUCTION NO. 19**
Title VII – Disparate Treatment – "Motivating Factor" – Elements and Burden of Proof

| Requested by Plaintiffs | | Requested by Defendants | X | | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | Judge | | |

*NOTE*: *See note to Instruction 17, above.*

As to the plaintiff's claim that his race was a motivating factor for Recycle to Conserve's decision to discharge him, Mr. Mayo has the burden of proving both of the following elements by a preponderance of the evidence:

1.    Mr. Mayo was discharged by Recycle to Conserve; and

2.    Mr. Mayo's race was a motivating factor in Recycle to Conserve's decision to discharge him.

If you find Mr. Mayo has failed to prove either of these elements, your verdict should be for Recycle to Conserve. If Mr. Mayo has proved both of these elements, he is entitled to your verdict, even if you find that Recycle to Conserve's conduct was also motivated by a lawful reason. If, however, Recycle to Conserve proves by a preponderance of the evidence that it would have made the same decision even if Mr. Mayo's race had played no role in the employment decision, your verdict should be for Recycle to Conserve.

**Authorities:** Ninth Circuit Model Jury Instruction 10.1C (2007) (as modified to remove bracketed material).

Jury Instructions

723332.1

**INSTRUCTION NO. 20**
Motivating Factor

| Requested by Plaintiffs | | Requested by Defendants | X | | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | |
| | | | | Judge | |

    A motivating factor is something that moves the will and induces action, even though other matters may have contributed to the taking of the action.

**Note**: This is Plaintiff's Proposed Jury Instruction No. 21, to which RTC has no objection.

# INSTRUCTION NO. 21
## Business Judgment

| Requested by Plaintiffs | | Requested by Defendants | X | | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | |
| | | | | Judge | |

    In reaching your verdict on Mr. Mayo's race discrimination claim, you should keep in mind that the law requires only that an employer not discriminate against an employee based on race. The law does not require an employer to use good judgment, to make correct decisions, or to treat its employees fairly. You may not find that Recycle to Conserve's decision to terminate Mr. Mayo was discriminatory just because you may disagree with that decision or because you believe the decision was harsh or unreasonable. It is not your job to second-guess the Recycle to Conserve's business decisions. Instead, your job is to determine whether RTC terminated Plaintiff because of his race. Recycle to Conserve's decision to terminate Mr. Mayo need not have been wise or correct, so long as it was not discriminatory.

**Authorities**: <u>Coleman v. Quaker Oats Co.</u>, 232 F.3d 1271, 1285 (9th Cir. 2000) ("That [the employer] made unwise business judgments or that it used a faulty evaluation system does not support the inference that [it] discriminated"); <u>Cotton v. Alameda</u>, 812 F.2d 1245, 1249 (9th Cir. 1987) ("The ADEA does not make it unlawful for an employer to do a poor job of selecting employees. It merely makes it unlawful to discriminate on the basis of age."); <u>Douglas v. Anderson</u>, 656 F.2d 528, 534 (9th Cir. 1981) ("the reason for a business decision need not meet the unqualified approval the judge or jury, so long as it is not based on" protected characteristic); <u>Harris v. City of Fresno</u>, 625 F.Supp.2d 983 (E.D. Cal. 2009) (fact that employer erred in making challenged decision "does not demonstrate that [decision] was pretextual"); <u>Green v. Maricopa County Cmty. College Sch. Dist.</u>, 265 F.Supp.2d 1110, 1128 (D. Ariz. 2003) (focus "is whether the employer's stated reason was honest, not whether it was accurate, wise, or well-considered. We do not sit as a superpersonnel department that reexamines an entity's business decision and reviews the propriety of the decision.") (internal quotation marks omitted); <u>Guz v. Bechtel National, Inc.</u>, 24 Cal.4th 317, 358 (2000) ("if nondiscriminatory, [the employer's] true reasons need not necessarily have been wise or correct"); <u>Horn v. Cushman & Wakefield Western, Inc.</u>, 72 Cal.App.4th 798, 807 (1999) (holding employee cannot prevail in discrimination claim simply by showing the employer's decision "was wrong, mistaken, or unwise"); <u>Hersant v. Department of Social Services</u>, 57 Cal.App.4th 997, 1009 (1997) (holding issue is not whether employer's proffered reasons were "reasonable and well considered" but whether they were discriminatory).

---

Jury Instructions

## INSTRUCTION NO. 22
Title VII – Defense – After-Acquired Evidence

| Requested by Plaintiffs | | Requested by Defendants | X | | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | |
| | | | | Judge | |

     Recycle to Conserve contends that it would have discharged Mr. Mayo anyway if it had known that he had stolen company property during his employment.  You must decide whether Recycle to Conserve has proved the following:

    1.     That Mr. Mayo stole company property;

    2.     That Mr. Mayo's s misconduct was sufficiently severe that Recycle to Conserve would have discharged him because of it alone had it known of it.

     If Recycle to Conserve proves both of these elements, you must limit any award of back pay to the date Recycle to Conserve would have made the decision to discharge Mr. Mayo as a result of his theft of company property.


**Authorities:**   Ninth Circuit Model Jury Instruction 10.5C (2007) (as modified); CACI 2506; O'Day v. McDonnell Douglas Helicopter Co., 79 F.3d 756, 759 (9th Cir. 1996) ("Plaintiff committed an act of wrongdoing . . . of such severity that the employee in fact would have been terminated on these grounds alone if the employer had known of it at the time of the discharge."); McKennon v. Nashville Banner Publ. Co., 513 U.S. 352, 130 L.Ed. 2d 852, 115 S. Ct. 879 (1995).

## INSTRUCTION NO. 23
Damages – Proof and Measure of Types of Damages

| Requested by Plaintiffs | | Requested by Defendants | X | | |
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | |
| | | | Judge | | |

      It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

      If you find for the plaintiff, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the discriminatory act of the defendant. You may award the following:

      The mental and emotional pain and suffering experienced and which with reasonable probability will be experienced in the future;

      The reasonable value of wages lost to the present time(this type of damages is called back pay);

      The reasonable value of wages which with reasonable probability will be lost in the future (this type of damages is called front pay).

      It is for you to determine what damages, if any, have been proved.

      Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**Authorities:**   Ninth Circuit Model Jury Instructions 5.1 and 5.2 (2007) (as modified).

723332.1

## INSTRUCTION NO. 24
### Damages – Mitigation

| Requested by Plaintiffs | | Requested by Defendants | X | | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | _____ | | |
| | | | | Judge | |

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1.    that the plaintiff failed to use reasonable efforts to mitigate damages; and

2.    the amount by which damages would have been mitigated.

**Authorities:**   Ninth Circuit Model Jury Instruction 5.3 (2007).

---

Jury Instructions

723332.1

## INSTRUCTION NO. 25
Damages – Back Pay/Front Pay – Mitigation

| Requested by Plaintiffs | | Requested by Defendants | X | | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | _____ | | |
| | | | Judge | | |

Plaintiff seeks back pay and front pay in this case.

Back Pay Award:  Back pay includes any back wages and employee benefits the plaintiff would have received from the date the defendant discharged the plaintiff to the date of trial.  The plaintiff has the burden of proving both the existence and the amount of back pay by a preponderance of the evidence.

Mitigation of Back Pay Award.  The plaintiff has a duty to undertake reasonable measures to minimize his damages and the defendant is not required to compensate the plaintiff for avoidable damages.  Thus, your award of back pay should be reduced by the amount of damages that the plaintiff actually avoided, or could have avoided, if he had made reasonable efforts.  The defendant has the burden of proving by a preponderance of the evidence that a reduction should be made and the amount by which the award should reduced.

Therefore, you must deduct any wages or other earnings that the defendant proved that the plaintiff received from other employment from the date the defendant discharged the plaintiff to the date of trial.  Moreover, if the defendant proves by a preponderance of the evidence either: (i) that plaintiff unjustifiably failed to take a new job of like kind, status, and pay which was available to plaintiff, or (ii) that plaintiff failed to make reasonable efforts to find such new job; you must subtract from the back pay award the amount of money you find that plaintiff could have earned from the time the plaintiff could have obtained such new job or should have obtained from such new job, had he made reasonable efforts to find such new job to the date of trial.

Front Pay Award:  An award for front pay compensates the plaintiff for the loss of future wages and employee benefits that have been caused by the defendant's discriminatory act.  The plaintiff bears the burden of proving these losses by a preponderance of the evidence.

Limit on Front Pay Award:  Front pay is intended to be temporary in nature.  The plaintiff has a duty to make reasonable efforts to obtain a new job of like kind, status, and pay.  Thus, you must limit any award of front pay to compensate only for the period of time you find will be necessary for the plaintiff to obtain such a job if he makes a reasonable effort.  The defendant has the burden of proving by a preponderance of the evidence that a reduction should be made and the amount by which the award should be reduced.

Reduction to Present Cash Value:  Any award of front pay must also be reduced to the present cash value of the award.

Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, would be sufficient to pay the front pay at the time in the future when

the money would have been earned by the plaintiff.

The rate of return to be applied in determining present cash value should  be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill.

You should also consider decreases in the value of money which may be caused by future inflation.

**Authorities:**   Ninth Circuit Model Jury Instruction 11.7A (2007) (as modified).

---

723332.1

## INSTRUCTION NO. 26
Punitive Damages

| Requested by Plaintiffs | | Requested by Defendants | X | | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

If you find for the plaintiff, you must determine if plaintiff has proven, by clear and convincing evidence, that defendant, through one or more of its officers, directors, or managing agents, engaged in a discriminatory practice or practices with malice, oppression, or with reckless indifference to plaintiff's legal rights, or ratified the discriminatory practice or practices.

"Malice" means conduct which is intended to cause injury to the plaintiff, or despicable conduct which is carried on with a willful and conscious disregard for the rights of others. One acts with conscious disregard for the rights of others when he or she is aware of the probable dangerous consequences of his or her conduct and willfully and deliberately fails to avoid those consequences.

"Oppression" means despicable conduct that subjects a person to cruel and unjust hardship on conscious disregard of that person's rights.

"Despicable conduct" is conduct which is so vile, based, contemptible, miserable, wretched, or loathsome that it would be looked down upon and despaired by ordinary decent people.

"Reckless indifference" requires knowledge of the law, coupled with a perceived risk that a particular action will violate the law. Actual knowledge that one's conduct violates the law is not required.

"Managing agent" means an employee who exercises substantial discretionary authority over decisions that ultimately determine corporate policy.

**Note:** This is Plaintiff's Proposed Jury Instruction No. 27, to which RTC has no objection.

## INSTRUCTION NO. 27
### Duty to Deliberate

| Requested by Plaintiffs | | Requested by Defendants | X | | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | _____ | | |
| | | | | Judge | |

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Note:**   This is Plaintiff's Proposed Jury Instruction No. 28, to which RTC has no objection.

---

Jury Instructions

723332.1

## INSTRUCTION NO. 28
Communication with Court

| Requested by Plaintiffs | | Requested by Defendants | X | | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | _____ Judge | | |

  If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**Note:** This is Plaintiff's Proposed Jury Instruction No. 30, to which RTC has no objection.

### INSTRUCTION NO. 29
Return of Verdict

| Requested by Plaintiffs | | Requested by Defendants | X | | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | Judge | | |

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

**Note:**   This is Plaintiff's Proposed Jury Instruction No. 31, to which RTC has no objection.

Jury Instructions

723332.1