Wilke, Fleury, Hoffelt, Gould & Birney, LLP
Kelli M. Kennaday, Bar No. 155153
kkennaday@wilkefleury.com
400 Capitol Mall, Twenty-Second Floor
Sacramento, CA  95814

Telephone:  (916) 441-2430
Facsimile:  (916) 442-6664

Attorneys for Defendant
RECYCLE TO CONSERVE, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

EDISON MAYO,

        Plaintiff,

  v.

RECYCLE TO CONSERVE, INC.,

        Defendant.

Case No.  2:10-cv-00629-WBS-EFB

**DEFENDANT RECYCLE TO CONSERVE, INC.'S PROPOSED VERDICT FORM**

Trial Date:  November 1, 2011
Time:  9:00 a.m.
Courtroom:  5
Judge:  Hon. William B. Shubb

    Defendant Recycle to Conserve, Inc. (RTC) hereby submits the following proposed verdict form. RTC notes that it may be necessary to modify this verdict form if, at the close of evidence, the Court decides that the jury should only be given a "single-motive" instruction or a "mixed-motive" instruction, but not both. See Costa v. Desert Palace, Inc., 299 F.3d 838, 856 (9th Cir. 2002) ("After hearing both parties' evidence, the district court must decide what legal conclusions [i.e., single-motive or mixed-motive] the evidence could reasonably support and instruct the jury accordingly"), affirmed by 539 U.S. 90 (2003).

DATED:  October 20, 2011

WILKE, FLEURY, HOFFELT,
GOULD & BIRNEY, LLP

By: /s/    Kelli M. Kennaday
KELLI M. KENNADAY
Attorneys for Defendant
RECYCLE TO CONSERVE, INC.

# DEFENDANT'S PROPOSED SPECIAL VERDICT FORM

## INTENTIONAL RACIAL DISCRIMINATION

1.   Has Edison Mayo proved by a preponderance of the evidence that his race was the sole reason for Recycle to Conserve's decision to terminate him?

    ____ Yes ____ No

If the answer to Question No. 1 is "yes," proceed to Question No. 5 and Question No. 6. If the answer to Question No. 1 is "no," proceed to Question No. 2.

2.   Has Mr. Mayo proved by a preponderance of the evidence that his race was a motivating factor for Recycle to Conserve's decision to terminate him?

    ____ Yes ____ No

If the answer to Question No. 2 is "no," do not answer any further questions. If the answer to Question No. 2 is "yes," proceed to Question No. 3.

3.   Has Recycle to Conserve proved by a preponderance of the evidence that its decision to terminate Mr. Mayo was also motivated by a lawful reason?

    ____ Yes ____ No

If your answer to Question No. 3 is "no," proceed to Question No. 5 and Question No. 6. If your answer to Question No. 3 is "yes," proceed to Question No. 4.

4.   Has Recycle to Conserve proved by a preponderance of the evidence that it would have made the same decision to terminate Mr. Mayo even if his race had played no role in that decision?

    ____ Yes ____ No

If your answer to Question No. 4 is "yes," do not answer any further questions. If your answer to Question No. 4 is "no", proceed to Question 5 and Question No. 6.

5.   Has Recycle to Conserve proved by a preponderance of the evidence that Mr. Mayo committed an act of wrongdoing of such severity that it would have terminated him on these grounds alone if it had known about it at the time?

    ____ Yes ____ No

723816.1

You should answer Question No. 6 regardless of whether you answer Question No. 5 "yes" or "no." However, if your answer to Question No. 5 is "yes," remember that you should limit any award of back pay to the date that you find the defendant would have discharged the plaintiff as a result of the wrongdoing.

6. What are Mr. Mayo's damages?

    a. Back pay      $ _____

    b. Front pay      $ _____

    c. Emotional distress      $ _____

    TOTAL DAMAGES      $ _____

## PUNITIVE DAMAGES

You should answer these additional questions on punitive damages only if you found that the defendant discriminated against the plaintiff.

1. Has Edison Mayo proved by clear and convincing evidence that Recycle to Conserve, acting through one of its managing agents, discriminated against Mr. Mayo with malice, oppression, or reckless indifference, or ratified such conduct?

\_\_\_\_ Yes \_\_\_\_ No

If your answer to this question is "no," do not answer any further questions. If your answer to this question is "yes," then you may, but are not required to, award punitive damages. If you decide to award punitive damages, answer the next question.

2. What amount of punitive damages, if any, do you award?

    PUNITIVE DAMAGES      $ _____

Signed: _____
                        Presiding Juror

Dated: _____

After this verdict form has been signed, notify the clerk that you are ready to present your verdict in the courtroom.

723816.1