UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

EDISON MAYO,

      Plaintiff,

  v.

RECYCLE TO CONSERVE, INC.,

      Defendant.
_____/

NO. CIV. 2:10-629 WBS EFB

ORDER RE: COSTS

----oo0oo----

On November 8, 2011, the jury returned a verdict in defendant's favor (Docket No. 66), and final judgment was entered in the case. Defendant has submitted a cost bill totaling $1,459.80. (Docket No. 69.) Plaintiff did not object to defendant's bill of costs.

Rule 54(d)(1) of the Federal Rules of Civil Procedure and Local Rule 292 govern the taxation of costs to losing parties, which are generally subject to limits set under 28 U.S.C. § 1920. See 28 U.S.C. § 1920 (enumerating taxable costs);

1

1  Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules,
2  or a court order provides otherwise, costs--other than attorney's
3  fees--should be allowed to the prevailing party."); E.D. Cal.
4  Local R. 292(f); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482
5  U.S. 437, 441 (1987) (limiting taxable costs to those enumerated
6  in § 1920).

7       The court exercises its discretion in determining
8  whether to allow certain costs.  See Amarel v. Connell, 102 F.3d
9  1494, 1523 (9th Cir. 1997) (holding that the district court has
10 discretion to determine what constitutes a taxable cost within
11 the meaning of § 1920); Alflex Corp. v. Underwriters Labs., Inc.,
12 914 F.2d 175, 177 (9th Cir. 1990) (same).  The losing party has
13 the burden of overcoming the presumption in favor of awarding
14 costs to the prevailing party.  See Russian River Watershed Prot.
15 Comm. v. City of Santa Rosa, 142 F.3d 1136, 1144 (9th Cir. 1998)
16 (noting that the presumption "may only be overcome by pointing to
17 some impropriety on the part of the prevailing party"); Amarel,
18 102 F.3d at 1523; see also E.D. Local R. 54-292(d) ("If no
19 objection is filed, the Clerk shall proceed to tax and enter
20 costs.").

21      After reviewing the bill of costs, and in light of the
22 fact that plaintiff has not objected, the court finds the
23 following costs to be reasonable:
24 Fees for service of summons and subpoena:     $90.00
25 Fees for printed or electronically
26 recorded transcripts necessarily obtained
27 for use in the case:                          $1,137.45
28 Fees for exemplification and the costs

2

```
of making copies of any materials where
the copies are necessarily obtained for
use in the case:                              $232.35
```
**Total                                        $1,459.80**

        Accordingly, costs of **$1,459.80** will be allowed.

        IT IS SO ORDERED.

DATED:  March 23, 2012

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE